No. 8967.

Orleans Appeal.

STANLEY A. HARVEY, Appellant v. ELIE AARON.

(May 25, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. Louisiana ·Digest—Evidence—Par. 222, 278.

Where an offer to purchase real estate, irrevocable for a certain period of time is made in writing, parol evidence is admissable to show the rejection of the offer by the owner of the real estate prior to the expiration of the time mentioned.

(Civil Code, Article 2276. Editor's note.)

Appeal from Civil District Court, Hon. E. K. Skinner, Judge.

This is a suit to recover a commission as real estate broker. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Woodville & Woodville, attorneys for plaintiff and appellant.

Emile Pomes, attorney for defendant and appellee.

WESTERFIELD, J. Plaintiff, a real estate broker, sues defendant for a commission of $172.50 with interest and attorney fees of 25% of principal and interest under the following circumstances:

Defendant gave plaintiff a written offer to purchase a certain piece of property belonging to one Maestri for the sum of $5750.00. It was stipulated that the offer was irrevocable up to 6 p. m. Nov. 12th, 1918, and that in the event of its acceptance by the owner within that time and of defendant's refusal to accept title and comply with the terms of the offer a commission of 3% was to be paid plaintiff by defendant together with interest and attorney's fees fixed at 25% of the commission to be paid.

At 5:45 p. m. on November 12th plaintiff called at defendant's place and in the presence of two witnesses exhibited the signature of Maestri the owner of the property to an acceptance of the offer of defendant and demanded the customary deposit of 10% of the purchase price as stipulated in the terms of the offer. Defendant refused to make the deposit or to recognize his obligation to accept the title upon the ground that his offer had been definitely rejected by plaintiff the day previous when it was mutually agreed that the transaction was "all off".

On the trial of the case plaintiff's counsel objected to parol evidence to prove a rejection of defendant's offer upon the ground that it tended to alter or contradict the written offer of defendant which had been accepted by the owner of the property. The objection was not sustained and we do not think it should have been since we fail to see how it contradicts the terms of the offer which was to be irrevocable before November 12th so far as defendant was concerned but subject to rejection by the owner of the property at any time.

The evidence when presented consisted of the testimony of defendant and two witnesses, a friend and a connection by marriage of defendant, to the effect that on November 11th, 1918, plaintiff called at defendant's place of business and informed defendant that his offer of $5750.00 could not be accepted because plaintiff had in his pocket an offer of $6000.00, but if defendant would raise his bid to $6000.00 he would be given the preference and the property sold to him. Defendant thereupon refused to offer the additional $250.00 and with the consent of plaintiff the transaction was then called off. Plaintiff admits calling upon defendant at the time and place mentioned but denies calling the deal off and says his only reference to $6000.00 was a statement that if defendant would bid this sum he could get the property.

It is obvious that the case turns upon the question of veracity and that in number the witnesses of defendant greatly preponderate since defendant is supported by two witnesses and plaintiff can offer only his own testimony uncorroborated. We are asked to consider the relation of defendant's two witnesses and the improbability of their statements. One was connected by marriage, having married the sister of defendant's wife and the other an old friend. The family tie was not particularly close and no reason other than friendship is suggested as reflecting upon the testimony of the friend. We do not find the evidence very improbable. A real estate agent might, in his desire to effect a sale, mislead a purchaser as was claimed to have been done in this case. The property was sold a day or two later to another party for $5500.00 and plaintiff was paid a commission on this sale. The owner has made no claim against defendant based upon his acceptance of defendant's offer to purchase. The trial Judge, who was in a position to see and hear the witnesses, gave judgment for defendant. We are not convinced that he was manifestly mistaken.

For the reasons assigned the judgment appealed from is affirmed.