301 So.2d 381 (1974)
Dorothy MAGIE, wife of John Magle
v.
PATIO MOTEL, INC., and Security Insurance Company.
No. 6371.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Thomas S. Loop, Covington, for plaintiff-appellant.
Wiedemann & Fransen, A. Remy Fransen, Jr., New Orleans, for defendant-appellee.
Before STOULIG, BOUTALL and SCHOTT, JJ.
STOULIG, Judge.
Plaintiff, Mrs. Dorothy Magie, has appealed a summary judgment dismissing her personal injury action arising out of a trip-and-fall accident against the defendants, Patio Motel, Inc., and its liability *382 insurer, Security Insurance Company.[1] In her petition she alleged:
"After this accident, the plaintiff was approached by an adjuster representing defendant, Security Insurance Group, who asked her to sign a release. She refused. Thereafter she was again approached and signed some document but received no copy and is not certain exactly what this document purports to be.
"Plaintiff has received a draft from the Security Insurance Group in the amount of $250.00 which she has not negotiated and stands ready to tend it into the registry of the Court."
The document plaintiff signed set forth in bold print at its beginning "RELEASE in full of all claims" and at the end immediately to the left of her signature is the caveat, "This is a RELEASE in full." Defendant filed this release as a supporting exhibit with its motion for a summary judgment. In a countervailing affidavit, plaintiff alleged the release was presented to her by one Victor Ordonez, who explained the release would not be effective until the draft was presented for payment. She further averred the draft was never presented for payment and that the purported release contained none of the typewritten words now appearing on the defendant's exhibitin other words, that she signed a blank printed release form.
The petition and countervailing affidavit set forth a genuine issue of material fact, namely, whether the insurance company obtained a full release from plaintiff as defendants contend and the document indicates, or if its adjuster misrepresented the release as an offer to execute a release that would ripen into a settlement only in the event plaintiff presented the draft for payment.
As our jurisprudence has developed, summary judgments authorized by LSA-C.C.P. art. 966 are granted sparingly.[2] The purpose of this procedural device is to expeditiously dispose of cases involving only issues of law;[3] therefore, the mover for summary judgment must prove there is no genuine issue of material fact.[4] In determining the genuineness of the issue, the courts should not consider the merits of the fact at issue or whether the party alleging the fact will be able to sustain the burden of proving it. Nor should the summary judgment procedure be substituted for a trial on the merits.[5]
Thus, as in this case, when the release upon which defendant-insurer bases its motion for summary judgment is alleged by plaintiff to have been obtained through misrepresentation, a trial on the merits must be had to resolve this material factual dispute that strikes at the very heart of the release.
Appellees rely heavily on the case of Howard v. Pan American Fire & Casualty Company, 240 So.2d 755 (La.App.2d Cir. 1970), as being controlling of the issue of the efficacy of the full release signed by plaintiff. They emphasize that an exception of res judicata (which they procedurally equate with a motion for summary judgment) based on a purported release was maintained and the suit dismissed. However, a reading of Howard reflects that the exception was not maintained until after a fullblown trial of the matter on its merits as a result of which the trial judge had an evidentiary basis *383 for his determination that the release was untainted by error in the person or matter in dispute, fraud, or duress and therefore barred plaintiff's action.
For the reasons assigned, the judgment appealed from is reversed and it is now ordered this matter be remanded for further proceedings; costs of this appeal to be assessed on the final determination of this matter.
Reversed and remanded.
NOTES
[1] Erroneously referred to in the petition as Security Insurance Group.
[2] Grace v. Morales, 210 So.2d 60 (La.App.1st Cir. 1968).
[3] Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App.4th Cir. 1972).
[4] Fireman's Fund American Ins. Cos. v. Airport Park Co., 270 So.2d 889 (La.App.4th Cir. 1972).
[5] Leger v. Southern Farm Bureau Casualty Ins. Co., 251 So.2d 801 (La.App.3rd Cir. 1971).