REDMANN, Judge.
Plaintiff real estate agent appeals from a summary judgment dismissing its demand for commission against the owner of property on which plaintiff had a listing agreement and obtained a purchase agreement (from a co-plaintiff who has not appealed) which the principals did not perform.
The purchase agreement for $650,000 was conditioned on borrowing $6,500,000 (sic) with the property as security (and interim construction financing of $6,500,000), and it stipulated that the agent’s commission was earned “when the mortgage loan . is secured.” No mortgage loan was secured.
Plaintiff argues it would have been pointless to secure a loan commitment because the owner’s president had verbally *964 refused to sell.[1] This argument would be valid if the buyer had thereupon waived the loan condition, in which case the buyer could have enforced the principal contract and the agent could have demanded commission; but the buyer’s waiver would have obliged it to pay $650,000 cash for the property, if the seller had demanded performance of the contract after the condition was waived. The agent itself had no authority to waive the loan condition, but it could have secured the mortgage loan commitment, if it could find a lender to make the $6,500,000 loan.
Our view is that the showing that it is undisputed that the loan commitment condition was not met (or waived by the buyer) established that plaintiff is not entitled to a commission.[2]
Affirmed.
GULOTTA, J., concurs.

. We ignore the question whether the alleged refusal by the seller to perform — alleged as avoiding the necessity of, and in that sense as an equivalent of, a putting in default — must be proven by evidence of equal dignity to that required to show a putting in default (which may be done verbally, but in the presence of two witnesses, C.C. 1911(2)); see Elliott v. Dupuy, 1961, 242 La. 173, 135 So.2d 54 (refusal in writing held equivalent to putting in default in writing); Schuler v. A. K. Roy, Inc., La.App. Orl.1953, 65 So.2d 333 (indefinite verbal refusal held not to obviate a putting in default).

. Besides the putting in default problem, see n. 1, there is a problem with basic enforceability of the entire agreement. The $6,500,000 loan conditions (impossible to fulfill on naked land worth only $650,000) contemplate some medical complex construction project which is in no way identified. The seller could not have enforced the agreement by itself obtaining the $6,500,000 loans because it could not prove by any admissible evidence that the project on which the loans were obtainable was the project contemplated by the agreement. The buyer (who could waive the loan condition) could not enforce because of lack of mutuality of obligation. On this theory, neither buyer nor seller is bound despite the appearance that the seller is bound. The agent would not be owed a commission for obtaining a purchase agreement which could not be enforced.