347 So.2d 210 (1977)
ANDREW DEVELOPMENT CORP. and Preston Phillips, d/b/a Preston Phillips Real Estate Co.
v.
WEST ESPLANADE CORPORATION.
No. 59125.
Supreme Court of Louisiana.
June 20, 1977.
*211 Philippi P. St. Pee, Francipane, Regan & St. Pee, Metairie, for defendant-respondent.
M. Arnaud Pilie, Pilie, Pilie & Landry, New Orleans, for plaintiff-applicant.
MARCUS, Justice.
Andrew Development Corporation and Preston Phillips, d/b/a Preston Phillips Real Estate Company, real estate agents, instituted this suit against West Esplanade Corporation for the sum of $28,000 claimed to be due them under a written "Agreement to Purchase or Sell" real estate entered into between West Esplanade Corporation as seller and Preston Phillips Development Company, Inc. as purchaser. Another suit entitled Preston Phillips Development Company, Inc. v. West Esplanade Corporation and Dr. William E. Griffith was consolidated with the present suit for trial. Defendants West Esplanade Corporation and Dr. William E. Griffith moved for a summary judgment. The district court granted summary judgment in their favor on the grounds that parol evidence was not admissible to prove a breach of a contract to sell immovable property and that the commission had not been earned by the agents since the mortgage loan had not been secured in accordance with the agreement. The judgment of the district court dismissed both of the consolidated suits. Only plaintiff Andrew Development Corporation took an appeal.[1] The court of appeal affirmed.[2] Upon application of Andrew Development Corporation, we granted certiorari to review the correctness of this decision.[3]
Prior to June 3, 1975, West Esplanade Corporation, through its president, Dr. William E. Griffith, requested Andrew Development Corporation, a licensed real estate broker, to find a purchaser for certain immovable property which it owned in Jefferson Parish for the price of $650,000. Andrew located a purchaser, Preston Phillips Development Company, Inc., who executed a written agreement to purchase said property for $650,000 on June 3, 1975. The offer to purchase was accepted by West Esplanade on June 8, 1975. The act of sale was to be passed prior to September 3, 1975. The agreement provided that the sale was conditioned upon the ability of the purchaser to obtain a loan for a certain amount under specified conditions. It further stated that "should purchaser, seller or agent be unable to obtain the loan stipulated above within 60 days from acceptance hereof, the contract shall then become null and void." The agreement also provided for an agent's commission of $28,000 to be paid by the seller, which commission was earned by the agent "when this agreement is signed by both parties and when the mortgage loan, if any, has been secured." It was stipulated that Preston Phillips Real Estate *212 Company was to receive $9,330 and Andrew Development Corporation $ 18,670 of the commission. Finally, the agreement contained a clause which set forth that "either party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent's commission and all reasonable attorney's fees and costs incurred by the other party, and/or agent in enforcing their respective rights." The act of sale was not passed prior to the expiration date of the agreement (September 3, 1975) nor were any of the parties placed in default.
In its petition, Andrew alleged that, prior to the expiration of the sixty-day period from the acceptance of the agreement to purchase, Dr. Griffith, acting on behalf of West Esplanade, indicated to both purchaser and agent that he did not intend to go through with the sale. Because of this refusal to comply with its obligation to sell, plaintiff alleged that, although purchaser was able to obtain the loan provided in the contract, it elected not to secure the loan commitment since to do so would have required the payment of a $5,000 non-refundable commitment fee. Andrew further alleged that defendant's refusal to sell constituted an active breach of the contract which relieved both Andrew (agent) and purchaser of their obligations to further perform under the agreement. As a result, West Esplanade was liable to Andrew for its commission under the terms of the contract. In answer to plaintiff's petition, West Esplanade denied that it had refused to perform its obligation to sell and averred that the commission was not due plaintiff since the mortgage loan had not been secured, a prerequisite to the earning of the commission under the terms of the contract.
In support of its motion for summary judgment, West Esplanade offered the affidavit of Dr. Griffith in which he denied that West Esplanade had ever actively breached the agreement by refusing to proceed with the sale or that it had ever been put in default by Andrew prior to the expiration of the agreement (September 3, 1975). In opposition to West Esplanade's motion for summary judgment, Andrew filed the affidavits of Andrew L. Roy, its president, and Preston Phillips, president of Preston Phillips Development Company, Inc. and owner of Preston Phillips Real Estate Company, in which they stated that, prior to the expiration of the sixty days from the date the purchase agreement was accepted, Dr. Griffith told them that West Esplanade did not intend to proceed with the sale.
The sole issue presented for our review is whether, based on the pleadings, affidavits, answers to interrogatories and other evidence filed by the parties pursuant to defendant West Esplanade Corporation's motion for summary judgment, a genuine issue of material fact was presented as to whether defendant actively breached the agreement to purchase, thereby relieving plaintiff (Andrew Development Corporation) and the purchaser of their obligation to perform under the contract and plaintiff of the duty of putting defendant in default as a prerequisite to recovery of its commission.
La.Civil Code art. 1931 provides:
A contract may be violated, either actively by doing something inconsistent with the obligation it has proposed or passively by not doing what was covenanted to be done, or not doing it at the time, or in the manner stipulated or implied from the nature of the contract.
Further, La.Civil Code art. 1932 states:
When there is an active violation of the contract, damages are due from the moment the act of contravention has been done, and the creditor is under no obligation to put the debtor in default, in order to entitle him to his action.
Pursuant to these provisions, it has been recognized that an anticipatory breach of contract is actionable in Louisiana. Marek v. McHardy, 234 La. 841, 101 So.2d 689 (1958). Where a party refuses and does not merely fail or neglect to comply with his contractual obligation, his refusal constitutes an active breach of the contract which relieves the other party of the obligation of *213 continuing to perform under the contract. Marek v. McHardy, supra. Moreover, a definitive refusal to perform obviates the necessity of a formal putting in default as a prerequisite to recovery by the obligee. Eota Realty Co. v. Carter Oil Co., 225 La. 790, 74 So.2d 30 (1954); Fox v. Doll, 221 La. 427, 59 So.2d 443 (1952); Stockelback v. Bradley, 159 La. 336, 105 So. 363 (1925).
La.Civil Code art. 2275 provides in pertinent part:
Every transfer of immovable property must be in writing . . . .
La.Civil Code art. 2276 further states:
Neither shall parol evidence be admitted against or beyond what is contained in the acts, nor on what may have been said before, or at the time of making them, or since.
These provisions prohibit the introduction of parol evidence to vary, alter or contradict the terms of a contract which is required to be in writing. However, parol evidence is admissible to prove a breach of a contract which must be in writing for in that case the evidence is not offered to modify the terms of the contract but to demonstrate a refusal to comply with them. Collins v. Huck, 161 La. 641, 109 So. 341 (1925); Harvey v. Aaron, 2 La.App. 288 (Orleans, 1925). Applying these principles to the instant case, we are of the opinion that the trial judge erred in ruling that the parol evidence embodied in plaintiff's petition and opposing affidavits was not admissible to establish that there existed a genuine issue of material fact as to whether defendant had actively breached the agreement to purchase.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
After reviewing the pleadings, affidavits and answers to interrogatories filed by the parties and resolving all doubts against the mover as required by law, we are convinced that there is a genuine issue of material fact as to whether defendant, acting through its president, refused to comply with its obligation to sell, a fact which, if proven, would constitute an active breach of the contract and which would relieve plaintiff of further performance under the contract and of putting defendant in default as a prerequisite to recovery. Hence, we are of the opinion that defendant is not presently entitled to a judgment as a matter of law. Accordingly, the judgment of the court of appeal upholding the summary judgment in favor of defendant was improper.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside, West Esplanade Corporation's motion for summary judgment as it relates to Andrew Development Corporation is overruled, and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs incurred in connection with the motion for summary judgment shall be paid by West Esplanade Corporation. Assessment of other costs is to await the final determination of the litigation.
NOTES
[1] Preston Phillips, d/b/a Preston Phillips Real Estate Company, the other plaintiff in this suit, and Preston Phillips Development Company, Inc., the sole plaintiff in the consolidated suit, did not appeal from the judgment of the district court. Accordingly, the only parties before this court are Andrew Development Corporation and West Esplanade Corporation, plaintiff and defendant respectively in the original suit.
[2] 339 So.2d 962 (La.App. 4th Cir. 1976).
[3] 341 So.2d 1126 (La. 1977).