GULOTTA, Judge.
Plaintiff appeals from a summary judgment dismissing his defamation suit against Dr. James M. Linn, Jr., one of 37 defendants named in the suit. We affirm.
Plaintiff, an officer in the local branch of a fraternal organization, alleges in his petition that the named defendants were suspended members of the organization who, on February 4, 1976, “through their attorney sent a letter” which defamed plaintiff to the top-ranking national official of the organization. Attached to the letter was a list of individuals, including Linn, on whose behalf the letter had been sent. Plaintiff seeks damages for the injuries to his standing and reputation within both the local and national organization.
In support of his motion for summary judgment, Linn filed into the record the affidavits of himself, George Frosch, Eugene Fischer, Jr. (codefendants who had consulted with the attorney), Carl J. Schu-macher, Jr. (attorney who sent the letter) and Dermot McGlinchey (Schumacher’s law partner).
In his affidavit, Linn averred that prior to February 4, 1976, he had been unaware of the specific content or wording of the letter in question; that he had never been consulted concerning the contents of the letter and had never given implicit or explicit approval in any form to Fischer, Frosch or Schumacher; that he had never engaged the legal services of Schumacher for representation in any matter; and that he had not consented to the attachment of the list containing his name.
Both defendants Frosch and Fischer stated in affidavit that Linn’s name “was inadvertently and in error included” on the list attached to the letter; that Linn had not authorized the writing of the letter or approved the attachment of the list containing his name; that Linn had no knowledge of the writing of the letter; and that to their knowledge Linn was never represented by Schumacher.
The substance of Schumacher’s affidavit was that he had never met with Linn; that he had never entered into any agreement with him for legal services; and that to the best of his knowledge, Linn had no knowledge of the specific contents of the letter written by him. McGlinchey averred that to the best of his knowledge Linn had never personally requested representation by his firm.
In opposition to the motion for summary judgment, plaintiff filed his own countervailing affidavits and that of Schumacher. In the first affidavit filed by plaintiff, he avers that the February 4, 1976 letter by Schumacher stated, “Our office represents Mr. Gene Fischer, George Frosch and thirty-seven other members, a complete list of the names of which is annexed . . . .”; that Linn’s name appeared on the list; and that shortly after the February 4 letter had been prepared, Frosch forwarded a copy of it to Linn with the following statement: “Enclosed is a copy of the letter sent to the Supreme Commander />by our attorney. Since your name is among the 39,1 thought you may want to see it.” Plaintiff further averred that Linn had not, during the period from February 4, 1976 to June 25, 1976, denied to plaintiff the contents of the letter or Schumacher’s authority to represent him and that on June 25, 1976, Schumacher’s *347 firm, as counsel for Linn and the other defendants, filed a motion for an extension of time to file responsive pleadings. In a second affidavit, plaintiff stated that Schu-macher had written the letter of February 4, 1976, as the attorney for and acting on behalf of Linn and the other named defendants and he further stated that prior to February 4, 1976, Schumacher had been advised and believed that he represented all the named defendants and was acting on their behalf in preparing and mailing the letter. Schumacher stated in his affidavit that he mailed the letter on behalf of the named defendants, including Linn, and that at the time of preparing the letter, he had been advised and had understood that he was representing all of the defendants and acting on their behalf.
It is plaintiff’s contention, on appeal, that the pleadings and affidavits disclose genuine issues of material fact and, therefore, the trial judge erred in granting the motion for summary judgment. According to plaintiff, the issues of fact which preclude a summary judgment in the instant ease are 1) whether Linn had consulted with Frosch and Fischer and the other named defendants in promoting action against Swan which ultimately resulted in the sending of the letter; 2) whether Schumacher was advised by persons acting on behalf of Linn that he (Schumacher) was representing Linn in sending the letter; and 3) whether Linn was informed that the letter had been written and thereafter acquiesced in its publication. We disagree.
LSA-C.C.P. art. 966, dealing with summary judgment, provides, in pertinent part:
“ * * * The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to- material fact, and that mover is entitled to judgment as a matter of law.”
We are mindful that the burden is upon the party moving for a summary judgment to prove the absence of any genuine issue of material fact and that doubtful cases must be resolved in favor of a trial on the merits.[1] When we consider the petition and the affidavits in the instant case, however, we are led to conclude, as did the trial judge, that no genuine issue of material fact exists.
Plaintiff has filed no affidavits countervailing the statements of the defendants Frosch and Fischer regarding the absence of any connection between Linn and the letter prior to February 4, 1976. Plaintiffs affidavit merely states that Linn’s name appeared on the list attached to the letter and that plaintiff believes Linn received a copy of the letter shortly after it was mailed and took no steps to dissociate himself from it. Schumacher’s affidavit filed by plaintiff merely states that the attorney was advised and understood that he was representing all of the individuals named on the list. These affidavits do not countervail those of Frosch and Fischer which state that Linn’s name was placed on the list inadvertently without any authority, either direct or indirect, from Linn. It is undisputed that Schumacher wrote the letter on behalf of the persons whose names were included on the list, but it is also undisputed that Linn’s name was erroneously included on it. Accordingly, it cannot be said that Linn employed Schumacher or authorized the sending of the letter as alleged in plaintiff’s petition. No genuine issue exists as to these material facts. Accordingly, it is appropriate that Linn be summarily dismissed from the suit.
Though plaintiff’s affidavit does raise factual issues with regard to Linn’s receipt of a copy of the allegedly defamatory letter after it was written and his failure to dissociate himself from it, we do not consider these issues to be material to plaintiff’s suit. The petition alleges that “On February 4, 1976, the defendants through their attorney sent a letter” which defamed plaintiff. Only actions prior to or on February 4,1976 are material to this allegation *348 of plaintiffs petition. Whether Linn was informed of the writing of the letter after its mailing and whether he, thereafter, acquiesced in its publication are not material. The petition does not allege that any of the defendants, though ignorant of the mailing of the letter, acquiesced in its publication after learning of it. Linn’s acquiescence, if any, after the publication of the letter, is not contemplated by the petition and, therefore, any issue of fact regarding it is not material to the motion for summary judgment.
Accordingly, for the reasons above, the judgment is affirmed.

AFFIRMED.

. LSA-C.C.P. art. 966; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977).