GARRISON, Judge.
Aristocrat Air Conditioning and Refrigeration Inc. (hereinafter called appellant or “Aristocrat”) filed suit for $29,281 on April 18,1974 against Affiliated Group Enterprises Corporation (hereinafter called “affiliated”) and Lester, Richardson and Company (hereinafter called “Lester”). In a pleading entitled “Petition on Contract”, Aristocrat alleged that during the period of July 24, 1972 through January 11, 1974, it had installed heating and air condition units at an apartment building owned by Lester. Aristocrat alleged that its work was performed pursuant to an installation contract between itself and Affiliated, the general contractor. Attaching a copy of the sued upon contract to its petition, Aristocrat alleged that despite Lester’s and Affiliated’s satisfaction with its work and despite its repeated demands for payment, defendants have failed to pay the balance owed. The attached contract indicates Aristocrat was a *287 subcontractor and Affiliated, the general contractor.
Subsequent to a filing of a motion for extension of time to answer (on May 9, 1974) and an exception of improper service of process (on May 28, 1974), Lester and Affiliated filed an answer on June 13,1974. In their answer, defendants admitted that Lester owned the building upon which Aristocrat performed work pursuant to a contract between Aristocrat and Affiliated but denied that Aristocrat had satisfactorily completed all the work. The defendants averred in their answer that
“the equipment and workmanship furnished by the petitioner is of such a defective nature as to require the defendant to secure the services of a new subcontractor to bring the equipment up to a servicable and useable condition.”
The following chronology of pleadings filed by Aristocrat and judgments rendered by the court led to the rendering of a judgment by default against the defendants: [1]
January 13,1975 Rule to compel answers to interrogatories filed by Aristocrat
January 16,1975 Order of trial court for defendants to show cause at a hearing on February 14, 1975 why they should not be required to answer interrogatories
February 19,1975 Judgment rendered and signed ordering the defendants to answer all interrogatories on or before March 7, 1975. Judgment stated that defendants’ counsel was absent from hearing on rule
March 25,1975 Ex parte motion to strike answer filed by Aristocrat wherein it alleged that defendants had failed to timely answer interrogatories and prayed that defendants’ answer be struck from the record
March 25,1975 Ex parte order signed by trial court striking defendants’ answer from the record
April 16, 1975 Trial court granted Aristocrat’s motion for preliminary default
June 19,1975 Trial court signed judgment confirming default in Aristocrat’s favor and against defendants for $29,281
September 16,1975 Note written by deputy clerk stating: 1) that the case was presented to the court, together with 2 exhibits; 2) that the court was satisfied with the proof of demand; and 3) that plaintiff’s attorney would draw and submit judgment
November 14,1975 Trial court signed judgment confirming Aristocrat’s default and rendering judgment in Aristocrat’s favor for $29,281. The trial court’s judgment additionally recognized a lien that had been filed against Lester in the mortgage office on a certain immovable.
Two exhibits introduced into evidence by Aristocrat are: (1) P-1, an act of sale dated September 19, 1972 wherein Lester purchased the immovable described in the default judgment; and (2) P-2, an affidavit of lien recorded in the mortgage office on February 6, 1974 stating Lester owed Aristocrat $29,681 for work done on property owned by Lester.
The record is devoid of evidence as to the dates of service of process of any of the above pleadings and judgments. The only evidence as to whether service of the petition on the defendants was personal or domiciliary appears in Aristocrat’s motion for preliminary default. Aristocrat stated in its motion for preliminary default that on May 31, 1974 “personal citation” was served on the defendants’ agent for service, John T. Keys.
On March 16, 1976 (approximately four months after the default judgment was granted in Aristocrat’s favor), Francis Cappaert (hereinafter called appellee or “Cappaert”) filed a petition against Aristocrat to annul the default judgment. Lester and Affiliated were not made parties to that suit, and are not parties to this appeal. Suit was filed in the same court that rendered the default judgment. Claiming ownership of the immovable described in the default judgment, and thus an interest in the litigation culminating in the default judgment, Cappaert alleged in his petition: (1) that since the petition filed by Aristocrat in its suit against Lester and Affiliated contained no prayer for recognition of a lien *288 or privilege, the default judgment of November 14, 1975 was not legally obtained and should be annulled insofar as it granted relief not prayed for in the petition; and (2) the default judgment should be annulled because it was obtained by virtue of an order rendered on March 25, 1975 striking the defendants’ answer without hearing, without notice, and without service upon Lester or its counsel. Cappaert contended in Article 8 of his petition to annul the judgment that “[i]n the absence of notice of striking of the answer, the rendition of a default judgment is tantamount to rendition of a default judgment without service of process and should be annulled.” Capp-aert prayed in his petition that the certified copy of the judgment rendered on November 14, 1975 and recorded in the mortgage records of Jefferson Parish be cancelled and erased from the records upon a determination that the judgment is a nullity.
Cappaert introduced no proof whatsoever of ownership of the immovable. In fact, the record is devoid of evidence of how, when, and from whom Cappaert acquired ownership of the immovable.
Aristocrat filed an answer denying all of Cappaert’s allegations except the one alleging the rendition of the default judgment in Aristocrat’s favor on November 14, 1975.
Cappaert then filed a motion for summary judgment annulling the default judgment of November 14, 1975 and ordering the judgment cancelled and erased from the mortgage records of Jefferson Parish. Cappaert filed an affidavit of his counsel with the motion for summary judgment wherein his counsel swore that he found, after diligent search, no notice of filing of suit by Aristocrat in the Jefferson Parish mortgage records. Also filed by Cappaert is a memorandum in support of the motion for summary judgment.
Aristocrat filed an exception of no cause or right of action wherein it alleged that proper service was rendered on Lester and that Cappaert has no legal standing to institute the suit because he was not an indispensable party to the suit filed by Aristocrat. Aristocrat further contended in its exception that the demand for the nullity of a judgment by rule to show cause constitutes an unauthorized use of the summary proceeding. The trial court rendered a judgment on November 7, 1977 granting Cappaert’s motion for summary judgment, and declaring that the judgment rendered on November 14, 1975 in Aristocrat’s favor, recognizing a lien on a certain immovable, was a nullity. The trial court’s judgment ordered that the inscription of the judgment appearing in the mortgage records of Jefferson Parish be cancelled and erased. The judgment contained a description of the immovable[2] and referred to Cappaert as an “intervenor.”
Aristocrat has appealed. Cappaert (ap-pellee) has neither appealed nor answered appellant’s appeal. No brief has been filed by appellee.
A number of possible issues for discussion or debate are raised by the facts of this case. However, it is not necessary for us to address ourselves to them. We conclude that the trial court erred in granting appellee’s (Cappaert’s) motion for a summary judgment. A summary judgment is only applicable where there is no showing of a genuine issue of material fact. La.C.C.P. 966. In this case there is clear indication of the existence of such an unresolved issue— if not of a number of them.
The mover for a summary judgment has the burden of proving that there is no genuine issue of material fact. Andrew Dev. Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Magie v. Patio Motel, Inc., 301 So.2d 381 (La.App. 4th Cir. 1974). Any doubt as to the existence of material issues of fact must be resolved against the granting of a summary judgment, and in favor of a trial on the merits to resolve disputed facts. Andrew Dev. Corp., supra; Laufer v. Touro Infirmary, *289 334 So.2d 541 (La.App. 4th Cir. 1976). Summary judgments should be granted sparingly (Magie v. Patio Motel Inc., supra) and never substituted for a trial on the merits. Savoy v. Action Products Company, Inc., 324 So.2d 921 (La.App. 3rd Cir. 1975).
For the foregoing reasons, the judgment in favor of appellee is annulled. The case is remanded to the District Court for further proceedings consistent with law and this opinion.
ANNULLED AND REMANDED.

. Included in this list is a notice by the deputy clerk.

. The description of the immovable in the trial the immovable in the default judgment. court’s judgment matches the description of