SAMUEL, Judge.
Plaintiff appeals from a summary judgment dismissing his suit against Pat O’Brien’s Bar, Inc. The suit, for personal injuries allegedly inflicted on plaintiff by Lawrence N. Arthur at Pat O’Brien’s Bar, named ■ Lawrence N. Arthur, Pat O’Brien’s Bar, Inc., New Orleans Police Department, Clarence B. Giarrusso, Superintendent of Police, Mayor Moon Landrieu, and the City of New Orleans, as defendants.
The petition alleges Arthur was a police officer employed by the New Orleans Police Department, the City of New Orleans and Pat O’Brien’s Bar, Inc.; that on December 30, 1974 a waiter at Pat O’Brien’s asked plaintiff to speak to Arthur. Arthur requested plaintiff to leave the bar and without warning struck plaintiff and dragged him 75 feet to the entrance, causing the injuries in suit.
*353 Pat O’Brien’s filed a motion for summary judgment.[1] In support of its motion, mover relied on an affidavit of George D. Oehsner, III, vice president of the corporation, stating Arthur was not employed at Pat O’Brien’s at the time of the incident, nor was he under the direction of the corporation.
In addition to the allegations of his petition, plaintiff relies on the answers to sworn interrogatories [2] on behalf of all defendants (other than Pat O’Brien’s Inc. but including Arthur) that “Lawrence N. Arthur was a member of the New Orleans Police Department but was on a private employment job for the benefit of Pat O’Brien’s at the time of the alleged incident”, and the deposition of Arthur indicating he entered the O’Brien establishment when a manager or assistant manager of the bar requested his assistance with the recalcitrant patron.
In pertinent part Article 966 of the Code of Civil Procedure provides:
“The [summary] judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. Art. 966.
In Hughes v. Eagle Trucking Co., La. App., 340 So.2d 1067, 1070, the court had this to say about summary judgment:
“[1] Summary judgment process, which deprives a litigant of trial on the merits is not a substitute for trial. Magie v. Patio Motel, Inc., 301 So.2d 381 (La. App. 4th Cir. 1974).
[2] Summary judgment may not lie in any instance where a genuine issue of material fact remains unresolved. Carney v. Hartford Accident and Indemnity Co., 250 So.2d 776 (La.App. 1st Cir. 1970).
[3] In disposing of a motion for summary judgment, it is not the function of the court to determine the merits of issues raised, but merely to ascertain whether there is a genuine issue of material fact. Acadia-Vermilion Rice Irrigating Co. v. Broussard, 185 So.2d 908 (La. App. 4th Cir. 1966).
[4] The party moving for summary judgment bears the burden of establishing the complete absence of a genuine issue of material fact. Warden v. Southwest Louisiana Hospital Association, 300 So.2d 590 (La.App. 3rd Cir. 1974).
All doubt must be resolved against the granting of a motion for summary judgment and in favor of trial on the merits to decide disputed material facts. Hobbs v. Fireman’s Fund American Insurance Companies, 293 So.2d 608 (La.App. 3rd Cir. 1974).
[5] Where a genuine issue of material fact exists, summary judgment does not lie even though the trial court entertains grave doubt concerning respondent’s ability to establish disputed facts. Butler v. Travelers Insurance Co., 233 So.2d 271 (La.App. 1st Cir. 1970).”
Thus, in this case there is a genuine issue of material fact. If Arthur was an employee of Pat O’Brien’s at the time of the incident in suit, there could be liability on the part of the latter defendant. And, conceivably, Pat O’Brien’s could be liable even if Arthur was not its employee at that time.[3]
For the reasons assigned, the judgment appealed from is annulled and set aside, and the case is remanded to the trial court for further proceedings consistent with law and with the views herein expressed.

ANNULLED; SET ASIDE; AND REMANDED.

. It also answered in the form of a general denial, averring negligence and alternatively negligence and assumption of the risk on the part of plaintiff.

. By Robert K. Tracy, Assistant City Attorney, for the New Orleans Police Department, City of New Orleans, Clarence B. Giarrusso, Superintendent of Police, Mayor Moon Landrieu.and the City of New Orleans.

.See, for example, Borne v. Bourg, La.App., 327 So.2d 607.