CHEHARDY, Judge.
Plaintiff, Herbert Joseph Reine, appeals a summary judgment in favor of defendants, Paul M. Kearns, Builder (Kearns), and American Mutual Liability Insurance Company (American), dismissing the plaintiff’s demands.
The plaintiff alleges that on or about April 27, 1978 he was employed by Kearns as a roofer and while engaged in the duties of his employment, he fell from the roof of a house and sustained fractures of both feet, which required several operations. Reine never returned to work after the accident, and on or about June 7, 1980, he suffered a heart attack while at his home. Although at the time of judgment the plaintiff was being compensated by American at the rate of $130 a week, American refused to pay any medical expenses incurred by Reine due to his heart attack.
Plaintiff now argues on appeal that dismissal of his demands by the granting of the defendants’ motion for summary judgment was error on the part of the district court judge because there did exist a genuine issue as to a material fact.
We agree and reverse. LSA-R.S. 23:1203 establishes that in every case coming under that chapter the employer shall furnish all necessary medical, surgical and hospital services as well as medicines.
The affidavit filed by the attorney for the plaintiff, which was before the district court judge at the time of judgment, stated in part:
*806 “3. Mr. Herbert Joseph Reine sustained an acute myocardial infarction on June 7, 1980;
4. For his myocardial infarction, petitioner has been hospitalized and undergone operations at the Southern Baptist Hospital in New Orleans, Louisiana, and has been treated since June 7, 1980, by Dr. Carl J. Dicharry of New Orleans, Louisiana;
5. Based upon conversations and correspondence with petitioner and his treating physicians, affiant has been informed thereby that plaintiff has suffered and worried about his disability, lack of being fit to return to work, and his acute financial problems;
6. Based upon correspondence with Dr. Carl J. Dicharry concerning Mr. Herbert Joseph Reine, affiant has received from Dr. Dicharry a letter with enclosures dated October 8, 1980, a copy of which is attached hereto and made a part hereof; and
7. Affiant has attempted to obtain an affidavit from Dr. Carl J. Dicharry for use in the defense of this motion for summary judgment herein; however, the same has not been returned to affiant in time to timely file the opposition hereto, but affiant has reason to believe and personal knowledge that if Dr. Carl J. Dicharry would so testify that he would testify along the outlines and facts and opinions contained in his medical report and conversations with affiant as attorney of record for plaintiff.”
One of the letters, signed by Dr. Dichar-ry, which was attached to the affidavit, stated:
“Dear Mr. Brumfield:
Enclosed are copies of the history and physicals and letters that I have written to referring physicians on Mr. Herbert Reine. At no time was there any physical relationship to tie in his myocardial infarction with physical exertion; however, I would feel that the stress as a result of his previous disability and financial problems, could be a causative factor in this man’s illness.”
The crucial issue in the present case has been addressed in Larson, Workmen’s Compensation Law, Volume 1, under the heading “Range of Compensable Consequences”:
“§ 13.00 When the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to claimant’s own intentional conduct.
* * * * *
“§ 13.11 Direct and natural consequence rule
“A distinction must be observed between causation rules affecting the primary injury — which have been the subject of the present chapter up to this point — and causation rules that determine how far the range of compensable consequences is carried, once the primary injury is causally connected with the employment. As to the primary injury, it has been shown that ‘arising’ test is a unique one quite unrelated to common-law concepts of legal cause, and it will be shown later that the employee’s own contributory negligence is ordinarily not an intervening cause preventing initial com-pensability. But when the question is whether compensability should be extended to a subsequent injury or aggravation related in some way to the primary injury, the rules that come into play are essentially based upon the concepts of ‘direct and natural results,’ and of claimant’s own conduct as an independent intervening cause.
“The basic rule is that a subsequent injury, whether an aggravation of the original injury or a new and distinct injury, is compensable if it is the direct and natural result of a compensable primary injury.”
In the case of Johnson v. Employers Mut. Liability Ins. Co. of Wis., 250 So.2d 38 (La.App. 3d Cir. 1971), the court also held, based on medical testimony in regard to a plaintiff who had sustained facial, teeth and jaw injuries as a result of an employment acci *807 dent, and, subsequently, and as a direct result of the accident, underwent a great deal of emotional stress and worry which activated a preexisting but asymptomatic condition of arteriosclerosis (and also contributed to his development of an ulcer), that the plaintiff had proven to a reasonable certainty his disability which arose from the arteriosclerosis and the ulcer was the result of the employment accident.
In Chaisson v. Domingue, 372 So.2d 1225 (La. 1979), the court established at 1227:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La. 1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La. 1977); Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La. 1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La. 1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
In the present case, because there existed a genuine issue as to material fact, i.e., whether the plaintiff’s heart attack was a direct and natural result of the compensa-ble primary injury, the granting of defendants’ motion for summary judgment in the trial court was improper.
For the reasons assigned, therefore, the judgment is reversed and it is ordered, adjudged and decreed that this case is hereby remanded to the district court for trial on the merits, costs to await the final disposition of this matter.

REVERSED AND REMANDED.