SCHOTT, Judge.
This is an appeal from a judgment granting a motion for summary judgment filed by Elevating Boats, Inc. and dismissing the suits of Gordon A. Saussy and Vero B. Puccio against it.
Appellee’s motion recited:
“.... on suggesting to the court that as it will appear from the pleadings and the certified transcript of the deposition of Mark S. Finch on file in this record, there is no genuine issue of material fact ...”
The trial memoranda of appellee and appellants referred extensively to selected excerpts from Finch’s deposition to support the respective positions as do the briefs on file in this court.
Upon initial review of the record we discovered that the deposition was not included. However, since we were under the impression that it had been available to the trial judge we asked counsel to file it in this court by stipulation under the provisions of LSA-C.C.P. Art. 2132.
Counsel have now filed the deposition, but they have also filed two additional depositions, and they recite in their stipulation that these depositions (including Finch’s) were not submitted to the trial judge prior to his ruling on the motion for summary judgment.
In Bullock v. Commercial U. Ins. Co., 397 So.2d 13 (La.App. 3rd Cir.1981) the court concluded that it lacked jurisdiction to consider “new evidence” or evidence never considered by the trial court and that Art. 2132 could not be utilized for the introduction of such new evidence. It is our function to review a judgment on the basis of what was before the trial court when the judgment was rendered. We cannot consider evidence which was never even proffered much less considered by the trial court as was Finch’s and the other depositions.
We note also the lack of a signed judgment in the record. We find only a minute entry of it. No appeal may be taken from a final judgment unless signed. C.C.P. Art. 1911.
Accordingly, the case is remanded to the trial court for further proceedings. Elevating Boats, Inc. may refile its motion for summary judgment but must provide the trial court with any depositions it relies on to support its motion.
REMANDED.
ORDER
We grant the “Motion for Clarification” filed by Fireman’s Fund Insurance Company (Fireman’s) as a motion for rehearing.
Plaintiff, Vero B. Puccio, appealed not only from the summary judgment dismissing his suit against Elevating Boats, Inc. but also a summary judgment dismissing his suit against Fireman’s. In our original opinion we overlooked the latter appeal.
Fireman’s is the liability insurer of Gordon A. Saussy and was made defendant by Puccio on the allegation that Fireman’s afforded uninsured motorists coverage to Puccio along with the uninsured motorists coverage afforded Puccio under his own policy of liability insurance issued by Employers of Wausau.
In his brief to this court Puccio specified but one error, that the summary judgment in favor of Elevating Boats was erroneously granted. He offered no argument challenging the validity of the Fireman’s judgment and made no mention of it.
Accordingly, the judgment dismissing plaintiff’s suit against Fireman’s Fund Insurance Company is affirmed. In all other respects our original opinion remains unchanged.