GARRISON, Judge.
This is an appeal from a judgment of the Thirty-Fourth Judicial District Court for the Parish of St. Bernard rendered on January 18, 1985 and providing as follows:
“IT IS ORDERED, ADJUDGED AND DECREED that there be Judgment herein in favor of STATE FARM FIRE AND CASUALTY COMPANY and against Plaintiff, JOSEPH GILVIN, individually and as administrator of the Succession of DAWN GILVIN, dismissing plaintiff’s suit as to State Farm at his costs.”
No written reasons for judgment were provided. From that judgment, which we reverse and remand, plaintiff appeals.
On June 23, 1982, Jody L. Estopinal and Dawn M. Gilvin, two teenage pedestrians, were attempting to cross Judge Perez Drive near Palmisano when they were struck by a vehicle driven by Mrs. Elva M. Caron. Dawn Gilvin died as a result of the accident and Jody Estopinal suffered minor injuries.
Plaintiff Joseph Gilvin (Dawn’s father) filed suit, individually and as administrator of his daughter’s estate, against Wallace Alphonso, Sr. (Dawn’s stepfather), Arabi *160 Cab Co. insurer American Druggist Insurance Corp. and against a homeowner policy written by State Farm Ins. Co., alleging that Wallace Alphonso was stopped or parked across Judge Perez Drive and negligently motioned or summoned the girls into traffic to cross to where he was located. Alphonso has denied the allegations in his answer.
Arabi Cab Co. filed a motion for summary judgment which was denied. Judgment against Arabi was rendered on April 11, 1984 and was not appealed. In that same April 11th Judgment, Gilvin’s individual action against State Farm was dismissed, but Gilvin’s “survivorship action in favor of Joseph Gilvin as the father of Dawn Gil-vin” which State Farm sought to dismiss by motion for summary judgment was upheld.
On November 8, 1984, State Farm filed a second motion for summary judgment on the grounds that the automobile use exclusion clause in the homeowner policy excluded coverage for Wilson Alphonso’s potential liability. Summary judgment was granted and from that judgment, plaintiff appeals.
On appeal, plaintiff raises the following specifications of error:
1. The district court erred in finding there was no material issue of fact precluding summary judgment to State Farm; and
2. The district court erred in holding that the act(s) of negligence alleged by plaintiff against appellant arose from the use of a vehicle excluding coverage under the State Farm liability policy.
Code of Civil Procedure Article 966 provides:
“A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
B. The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
C. A summary judgment may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.” (Emphasis added).
Additionally, further standards for summary judgment as stated in Chaisson v. Domingue, 372 So.2d 1225, 1227 (La.1979) include:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge [362 So.2d 561 (La. 1978) ], supra; Andrew Development Corp. v. West Esplanade Corp. [347 So.2d 210 (La.1977)], supra; Morgan v. Matlack, Inc. [342 So.2d 167 (La.1977) ], supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary *161 judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
The main point of argument is whether the alleged liability of Alphonso arose out of the use of the vehicle, more specifically, whether the act of waving his hand to signal Dawn Gilvin and her friend to cross the street, arose out of the use of the vehicle.
If it did arise out of the use of the vehicle, then the homeowner’s policy exclusionary clause would deny coverage:
“e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
(1) an aircraft;
(2) a motor vehicle owned or operated by, or rented or loaned to any insured; or ...”
If Alphonso’s alleged liability did not arise out of the use of the vehicle, however, then the homeowner’s policy exclusionary clause would not apply and coverage would not be denied.
Accordingly, Alphonso argues that the reputed “negligent summoning” is independent of use of a vehicle because the negligent summoning could have been done “while standing on a sidewalk, while sitting on a bench,” etc. and would have caused the same result. Thus the exclusion should not apply and coverage should be allowed.
State Farm argues that the “negligent summoning” was in fact and reality made while Alphonso was in the vehicle and arose out of his use of the vehicle, thus the exclusion applies. State Farm also alleges that Mr. Alphonso was at Judge Perez at that time because he was picking up the two girls. This fact has not been established but rather was denied by Alphonso and his insurer.
If Alphonso was in the area to pick up the two girls, might not his negligent act be his failure to drive to the other side of the street where the girls were located and to park out of the way of traffic and where the girls could safely enter the vehicle from a sidewalk or corner? If the above scenario did in reality happen, then Alphonso’s negligence arose from the use of the vehicle and coverage would be excluded. Unfortunately, however, this court is reduced to factual speculation because the facts of the accident are not contained in the record before use. We do not know, for example, was Mr. Alphonso parked in a parking lane or was he sitting in the middle of the street at a red light? Was there a reason why Mr. Alphonso could not pick the girls up from the other side of the street? The question of where Mr. Alphonso was located and why is a genuine issue of material fact of which we have no inkling from the record.
We note that the types of arguments made in the instant case have been specifically repudiated by the Supreme Court in favor of a duty-risk analysis. See Carter v. City Parish Government, et al, 423 So.2d 1080 (La.1982). The duty-risk analysis is only possible, however, if we know the facts of the case. For example, if Mr. Alphonso was not parking in a passenger zone at the time of the accident, then isn’t this the type of accident covered within the ambit of the statute creating passenger zones? The example is, however, purely speculative because there is nothing in the record indicating if there were or were not passenger zones in the area.
While common sense suggests that Mr. Alphonso was probably in the area to pick up the two girls and he probably attempted to do so from an improper point and he probably compounded that negligence by summoning the girls into traffic, those facts need to be in the record in order for this court to find that the accident arose out of the use of the vehicle.
“The burden of showing that there is not a genuine issue of material fact in dis *162 pute is upon the mover for summary judgment.” (Chaisson, above.)
It should be further noted that:
“Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts.” (Chaisson, above. Emphasis supplied).
For the reasons discussed, the judgment below is hereby reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
PER CURIAM.
Application and motion are denied.
Through this proceeding State Farm is seeking to have this Court consider documents never considered by the trial court. See Puccio v. Finch, 438 So.2d 597 (La.App. 4th Cir.1983).
Mover may choose to refile its motion below for summary judgment after providing the trial court with applicable depositions.