DOUCET, Judge.
This appeal arises from the wrongful death actions filed by Jeannie M. Cupp, individually, and as natural tutrix of Russel G. Cupp, Jr., and by Bobbie Jean Ryder as natural tutrix of Randall Cupp and Angela Cupp, against S & D Construction, Valley Electric Membership Cooperative (Valley) and Federated Rural Electric Insurance Co. (Federated).
Russel Cupp was fatally electrocuted on February 20, 1981 while engaged in changing reclosure switches on high voltage power lines. Mr. Cupp was employed by S & D Construction Co., who had contracted with Valley to maintain its electrical power lines, poles, transmission substations, transformers, reclosure systems and other maintenance work necessary for the transmission of electrical services. The wrongful death petitions filed by the plaintiffs alleged that Mr. Cupp’s death was caused by the negligence of Valley. Liberty Mutual Insurance Co., as worker’s compensation insurer of S & D Construction Co., Inc., intervened in the suit to recover compensation and medical benefits paid to the heirs of Russell Cupp, Sr. Valley and their in *951 surer, Federated, filed a motion for summary judgment. The trial court granted the motion for summary judgment based on the failure of the plaintiffs to file briefs or affidavits. Plaintiff Bobbie Jean Ryder and intervenor, Liberty Mutual Insurance Co. only appeal.
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no geuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 862 So.2d 561 (La.1978); Andrew Development Corp. v. West Esplanade Corp., 347 So.2d 210 (La.1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W.H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts. Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, supra; Andrew Development Corp. v. West Esplanade Corp., supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).”
Chaisson v. Domingue, 372 So.2d 1225 (La.1979).
This court held in Home Insurance Co. v. Simon, 411 So.2d 1268 (La.App. 3rd Cir. 1982) that:
“... the mover for summary judgment is not entitled to judgment on the sole basis that the opposing party has failed to respond to the motion by providing some evidence of the existence of a genuine issue. The court holds, under. LSA-C.C.P. Article 967, that the burden is on the mover for summary judgment to prove that there are no genuine issues of material fact, and only if the mover’s evidence is sufficient does the burden shift to the opposing party to present evidence showing that material facts are still at issue.”
It is not clear from the record on appeal upon what the appellees based their motion. The motion itself states only that “There is no genuine issue of material fact, insofar as plaintiffs demands against movers are concerned.” We assume, although it is never alleged, that the defendants intend to establish that Valley was the statutory employer of Mr. Cupp.
The record does not reflect sufficient facts to compel a finding that Valley was the statutory employer of Mr. Cupp.
 Whether a particular activity constitutes part of the trade, business, or occupation of a principal, so that the injured employee of the contractor is a statutory employee whose exclusive remedy for injury sustained while performing the activity is in worker’s compensation must be decided on the particular facts of each case. Turberville v. Georgia Pacific Chemical Co., 385 So.2d 366 (La.App. 1st Cir.1980) La.R.S. 23:1061. In a tort suit by an injured employee, the principal has the burden of proving by a preponderance of the evidence, that the work being performed was part of its trade business or occupation. Duplechin v. Pittsburgh Plate Glass Co., 265 So.2d 787 (La.App. 3rd Cir.1972).
“In determining whether particular repair and maintenance work is a part of defendant’s trade, business, or occupation, the courts have considered whether the work is routine, ordinary, regular or usual, whether the particular defendant or the industry customarily does the particular work with its own employees, whether the defendant has employees on its payroll who regularly perform the work, whether the work is essential to or *952 an integral part of the defendant s business, whether the work is frequent, continuous or day-to-day, and' other factors. No one factor is determinative.”
Honeycutt v. International Paper Co., 421 So.2d 1161 (La.App. 2nd Cir.1982)
The affidavit relied on by the movers does not contain sufficient facts relating to the various criteria enumerated in Honey-cutt, supra, to support the inevitable conclusion that Mr. Cupp was a statutory employee of Valley. Rather, the statement is conclusory in nature. “Ultimate or conclu-sory facts and conclusions of law cannot be utilized on a summary judgment.” (citations omitted). Thompson v. South Central Bell Telephone Company, 411 So.2d 26 (La.1982).
As a result, the record does not establish the absence of genuine issues of material fact with regard to the plaintiffs cause of action against defendants Valley and Federated. Accordingly, the judgment of the trial court is reversed. This case is remanded to the trial court for proceedings consistent with this opinion. The defendant-appellees are assessed with the costs of this appeal.
REVERSED AND REMANDED.