LOTTINGER, Judge.
This is a suit by Employers’ Surplus Line Insurance Company (Employers’) against the City of Baton Rouge and the Parish of East Baton Rouge for the recovery of the deductible amount under a contract of insurance between plaintiff and defendants. From a summary judgment in favor of plaintiff, defendants have appealed.
Plaintiff alleges that appellants were named as defendants in a civil proceeding entitled “Winston Hickman, individually, etc. v. The Parish of East Baton Rouge, et al,” number 149202 on the docket of the Nineteenth Judicial District Court in and for the Parish of East Baton Rouge. Plaintiff in this suit was also made a defendant therein. As a result of negotiations, plaintiff was able to settle that suit and paid out the total sum of $75,000.00 which sum was paid out pursuant to the contract of insurance, and that despite amicable demand defendants have refused to pay the $10,-000.00 deductible amount due under the following endorsement to the policy, to wit:
“The sum of $10,000.00 shall be deducted from the total amount of all sums which the Insured shall become legally obligated to pay by reason of bodily injury or property damage claims, including hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest on judgments, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder, excluding only the salaries and all expenses for salaried employees and retained counsel of the Insured and all office expenses of the Insured.
“The Company shall not be liable for any expenses as aforesaid when payment of such expenses is included in other valid and collectible insurance.”
In seeking a summary judgment plaintiff filed affidavits setting forth that the $75,-000.00 was paid out in settlement, and that an offer to settle was communicated to Employers’ counsel by an assistant parish attorney for appellants.
Appellants in opposition argue that the assistant attorney was not authorized to agree to a settlement, and that only the City-Parish Council could authorize a settlement.
Firstly, we find no genuine issue of material fact. A certified copy of the insurance policy including the endorsement was attached to the petition. The initial suit had been settled by Employers’ paying $75,-000.00, and the communication of the offer to settle was forwarded from the parish attorney’s office to counsel for Employers’.
In addition to the deductible endorsement above quoted, the policy also contained the following clause, to wit:
“II. Defense, Settlement, Supplementary Payments.
“With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:
“(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; *633 but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; * * (Emphasis supplied.)
There is no contention by appellants that they did not agree to the terms of this insurance contract. Under the terms of the insurance contract between appellants and appellee, appellee “may make such * * * settlement of any claim or suit as it deems expedient.” We find no clause in this insurance contract that would provide that the insurer must receive the prior approval of the insured before settling a claim. By agreeing to the terms of this contract, appellants are bound thereby. They further agreed to the deductible clause which provides in essence that the first $10,000.00 is to be paid by the insureds. Thus, we find no error on the part of the Trial Judge.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed at appellants’ cost.
AFFIRMED.
PONDER, J., dissents and assigns reasons.