362 So.2d 561 (1978)
EMPLOYERS' SURPLUS LINE INS. CO.
v.
CITY OF BATON ROUGE and Parish of East Baton Rouge.
No. 61763.
Supreme Court of Louisiana.
September 5, 1978.
*562 Joseph F. Keogh, Parish Atty., Frank J. Gremillion, Asst. Parish Atty., for defendants-applicants.
G. Thomas Arbour, Baton Rouge, for plaintiff-respondent.
MARCUS, Justice.
Employers' Surplus Line Insurance Company instituted this action against its insureds, City of Baton Rouge and Parish of East Baton Rouge, under the terms of a liability policy, seeking reimbursement of $10,000 claimed to be due thereunder. Employers' moved for a summary judgment. The district judge granted a summary judgment in favor of Employers' and against defendants, in solido, in the sum of $10,000 together with legal interest thereon from *563 the date of judicial demand until paid and all costs of the proceedings. The court of appeal affirmed.[1] Upon defendants' application, we granted certiorari to review the correctness of this decision.[2]
Employers' issued to defendants a liability insurance policy covering the period from March 1, 1969, to March 1, 1972. Pursuant to the terms of the policy, Employers' insured defendants against claims for bodily injuries up to $100,000 per person and $300,000 per accident and property damage up to $100,000 per accident. The policy contained the following provision:
II. Defense, Settlement, Supplementary Payments.
With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:
(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient; (Emphasis added.)
An endorsement to the policy, effective from date of policy, provided in pertinent part:

The sum of $10,000.00 shall be deducted from the total amount of all sums which the Insured shall become legally obligated to pay by reason of bodily injury or property damage claims, including hospital, medical and funeral charges and all sums paid as salaries, wages, compensation, fees, charges and law costs, premiums on attachment or appeal bonds, interest on judgments, expenses for doctors, lawyers, nurses and investigators and other persons, and for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder. . . . (Emphasis added.)
Subsequently, an action was instituted by Winston Hickman individually and as provisional curator for his wife and as natural tutor of his minor children against several defendants, including defendants herein and Employers' as defendants' liability insurer, seeking recovery for personal injuries sustained in an accident which occurred on May 30, 1970, within the period covered by the liability insurance policy issued by Employers' to defendants.[3] As a result of negotiations, Employers' entered into a settlement agreement with the Hickman claimants wherein all claims were released against defendants for the sum of $75,000. Thereafter, under the terms of the endorsement to the policy, Employers' demanded from defendants reimbursement in the sum of $10,000. Upon defendants' refusal, the instant suit followed.
Employers' alleged in its petition that by the terms of the contract of insurance the parties had agreed that the sum of $10,000 was to be deducted from the total amount of all sums which the insured became legally obligated to pay for litigation, settlement, adjustment and investigation of claims and suits which were paid by the insurer as a consequence of any occurrence covered under the policy. Accordingly, since the sum of $75,000 was paid by Employers' in settlement of the Hickman claims against defendants, Employers' was entitled to reimbursement by defendants in the sum of $10,000 as provided by the endorsement to the policy. Defendants' answer was a general denial of the allegations contained in Employers' petition.
In support of its motion for summary judgment, Employers' offered the affidavit *564 of Aubrey L. Moore, counsel retained by Employers' to defend against the claims asserted by Hickman against defendants and Employers' as defendants' insurer. In his affidavit, Moore stated that, by letter dated October 15, 1975, Assistant Parish Attorney Edward V. Fetzer, who represented defendants in connection with the Hickman suit, called upon Employers' to accept an offer of compromise in the amount of $350,000 which was communicated to defendants by counsel for the injured parties. He further averred that in the same letter Fetzer acknowledged that defendants were obligated to reimburse Employers' the sum of $10,000 under the contract of insurance. A copy of Fetzer's letter was attached to the affidavit in which letter it was stated that the compromise offer was being forwarded to Moore for Employers' consideration on behalf of its insureds, i. e., defendants. Also offered in support of Employers' motion for summary judgment was the affidavit of Lysle Jarreau, claims manager for Commercial Union Assurance Company of which Employers' was a subsidiary, in which Jarreau stated that, as part of the compromise and release of the Hickman claims, Employers' contributed $75,000 in settlement of the claims against defendants. He further related that defendants had never reimbursed to Employers' the $10,000 deductible provided for in the endorsement to the insurance policy.
In opposition to Employers' motion for summary judgment, defendants filed the affidavit of Joseph F. Keogh, attorney for defendants in 1975 and 1976, in which he stated that he had instructed Assistant Parish Attorney Fetzer to advise counsel for Employers' that defendants could not enter into a compromise settlement of the claims asserted against them in the Hickman suit without the approval of the City-Parish Council for Baton Rouge and that neither he nor Fetzer would approach the council for approval of the settlement because they felt that defendants were not liable for the injuries sustained by the Hickman claimants. The affidavit further recited that neither Keogh nor Fetzer were authorized to negotiate or to consent to a compromise settlement of the Hickman suit on behalf of defendants without obtaining the prior approval of the City-Parish Council of Baton Rouge and such approval had never been requested or granted.
The sole issue presented for our review is whether, based on the pleadings, affidavits and other evidence filed by the parties pursuant to Employers' motion for summary judgment, a genuine issue of material fact was presented as to whether Employers' was entitled under the contract of insurance to claim reimbursement in the sum of $10,000 from defendants where Employers' had paid $75,000 in settlement of claims against defendants which claims arose as a result of an occurrence covered under the contract of insurance.
Under the provisions of the liability insurance contract here at issue, Employers' was authorized to "make such investigation, negotiation and settlement of any claim or suit it deems expedient." This provision vests the insurer with absolute authority to settle claims within the limits of the policy with the insured's having no power to compel the insurer to make settlements or to prevent it from so doing. J. A. Appleman, Insurance Law and Practice, §4711 (1942). Accordingly, Employers' was authorized to settle the claims against defendants within the limits of the policy without the necessity of obtaining defendants' consent to the settlement agreement.
However, with respect to Employers' right to reimbursement from defendants, the endorsement to the policy provides in relevant part that "[t]he sum of $10,000 shall be deducted from the total amount of all sums which the Insured shall become legally obligated to pay by reason of bodily injury or property damage claims, including. . . expenses . . . for litigation, settlement, adjustment and investigation of claims and suits which are paid as a consequence of any occurrence covered hereunder.. . . ." (Emphasis added.) It is clear from this provision that the insurer's right to reimbursement from the insured in the sum of $10,000 is conditioned upon the *565 insured's becoming "legally obligated" to pay by reason of bodily injury or property damage claims resulting from an occurrence covered by the policy. An insured becomes legally obligated to pay only as a result of a final judgment of court. In such an event, the insurer would be entitled to reimbursement from the insured under this provision of the policy. Absent such a final determination of the insured's legal obligation to pay by a court of law, the insurer would not be entitled to reimbursement. On the other hand, if the insurer settles the claims of third persons against the insured, as in the instant case, the insurer would be entitled to reimbursement from the insured provided the insured consented to the settlement agreement.
It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966; Andrew Development Corp. v. West Esplanade Corporation, 347 So.2d 210 (La. 1977); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977); Stallings v. W. H. Kennedy & Son, Inc., 332 So.2d 787 (La.1976). Only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts. Andrew Development Corp. v. West Esplanade Corporation, supra; Morgan v. Matlack, Inc., supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
After reviewing the pleadings, affidavits and documentary evidence filed by the parties and resolving all doubts against the mover (Employers') as required by law, we are convinced that there is a genuine issue of material fact as to whether defendants, acting through their counsel, consented to the settlement executed by Employers' so as to entitle Employers' to reimbursement in the sum of $10,000 under the terms of the policy endorsement. Hence, we are of the opinion that Employers' is not entitled to judgment as a matter of law. Accordingly, the judgment of the court of appeal upholding the summary judgment in favor of Employers' was improper.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed and set aside; Employers' Surplus Line Insurance Company's motion for summary judgment against City of Baton Rouge and Parish of East Baton Rouge is overruled; and the case is remanded to the district court for further proceedings according to law and consistent with the views herein expressed. All costs incurred in connection with the motion for summary judgment shall be paid by Employers' Surplus Line Insurance Company. Assessment of other costs is to await the final determination of the litigation.
DENNIS, J., dissents in part, concurs in part, and assigns reasons.
DENNIS, Justice, concurring and dissenting.
I respectfully disagree with the Court's interpretation of the insurance contract. In this case the policy of fostering expeditious settlement of delictual claims militates against the court's overly strict interpretation of the insurance contract which does not comport with the probable intention of the parties. In my opinion the contract merely recognizes established principles of insurance law. The insurer is required when handling and settling claims to act in good faith and to use reasonable care and skill to protect the insured's interests. See, Holtzclaw v. Falco, Inc., 355 So.2d 1279 (La.1978); Comment, Duty of Insurer to *566 Settle, 30 La.L.Rev. 622 (1970). It has been suggested that the insurer should be regarded as a fiduciary or a mandatory of the insured. Younger v. Lumbermens Mutual Casualty Co., 174 So.2d 672, 675 (La.App. 3d Cir. 1965) (quoting from 7A, Appleman, Insurance Law and Practice, § 4711 (1962 ed.)); Comment, Duty of Insurer to Settle, 30 La.L.Rev. 622, 640 (1970) (quoting from La.C.C. art. 3003)); see also, Note, 39 Tul.L. Rev. 368 (1965). Thus, the insurer cannot refuse to effect reasonable settlement of apparently just claims against the insured simply because they have not been reduced to judgment. Taken in this context, it is likely the parties intended that the insured would become obligated to reimburse the first $10,000 of amounts paid by the insurer in the settlement of claims for which it reasonably appeared that the insured was legally responsible. Under the majority opinion, the insurer would be subjected to two inconsistent obligations, i. e., a duty to settle and a duty to refuse settlement until the claims are adjudicated.
Because I do not believe the parties intended such a result, I dissent from the majority opinion, and, in part, from its decree. In addition to remanding for a trial on the consent issue, I believe the case should be remanded on the issue of whether the insurer acted as a responsible mandatory in making the settlement.
NOTES
[1] 354 So.2d 631 (La.App. 1st Cir. 1977).
[2] 356 So.2d 1006 (La.1978).
[3] Winston Hickman, individually, and as provisional curator of Mrs. Hazel Mack Hickman, his wife, and as natural tutor for Winston Hickman, Jr., and Debbie Faye Hickman v. Parish of East Baton Rouge, City of Baton Rouge, Employers' Surplus Line Insurance Company, Ross E. Cox, Insurance Company of North America, Klatex, Inc. and Bituminous Casualty Corporation, No. 149,202, 19th Jud.Dist.Ct., Division I, Parish of East Baton Rouge, State of Louisiana.