409 So.2d 375 (1982)
Bridget A. HEBERT
v.
Rosario GUASTELLA, Jr., et al.
No. 12225.
Court of Appeal of Louisiana, Fourth Circuit.
January 12, 1982.
*376 Singerman, Cosentino, Toups & Troyer, John P. Cosentino, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John G. Gomila, Jr., New Orleans, for defendant-appellee Travelers Ins. Co.
Before REDMANN, GULOTTA and BARRY, JJ.
REDMANN, Judge.
An insured appeals from a summary judgment dismissing part of her claims against her insurer. She sought both uninsured motorist insurance benefits and damages from (or injunctive relief against) the insurer having treated a passenger's uninsured motorist claim as, instead, a liability claim.
The summary judgment motion theorized that a liability insurer's contractually preserved right to settle claims "as it deems expedient" places such a settlement beyond review by "vest[ing] the insurer with absolute authority to settle," citing Employers' Surplus L. Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
Employers affords no support to the summary judgment appealed from. Employers in fact reversed a summary judgment that would have made the insured provide the $10,000 deductible portion of a $75,000 settlement. Employers does recognize the insurer's right to settle, but that was not the issue there and is not the issue here. The issue is whether, in the absence of either the insured's consent or a final judgment of court, the insurer can impose an expense upon the insured under the "as it deems expedient" clause. Could Employers make Baton Rouge pay $10,000 deductible by settling without its consent and without a final adjudication? Can the insurer here make Bridget Hebert pay higher premiums by categorizing an uninsured motorist claim settlement as a liability settlement without her consent and without any possibility of judicial review? Employers answered the first question no. We answer the second one no.
Our case does not involve settlement of a liability claim, but settlement of a passenger's casualty claim as if it were a liability claim: the passenger sought reimbursement under uninsured motorist coverage and the insurer elected on its books to treat its settlement as a liability settlement and to treat plaintiff, its own insured, as at fault.
The question of whether plaintiff is at fault is one on disputed facts, that remain in dispute in the other part of this very case in the trial court, in plaintiff's demand for uninsured motorist benefits for herself. Because this same litigation between insured and insurer may decide that the insured was not at fault, it is unreasonable to allow the insurer to act on its own motion on the premise that the insured was at fault, to increase the insured's premiums in the future. Employers entailed no such inconsistency, and would not prevent a court, after deciding that the insured was not at fault, from enjoining the insurer to reduce its premiums to eliminate (or refund) any increase attributed to the insured's non-existent fault, and enjoining the insurer not to communicate to other insurers its erroneous conclusion concerning its insured's fault.
Summary judgment was therefore improper.
Reversed at Travelers Insurance Company's cost.