BOUTALL, Judge.
A worker was injured while unloading some produce from the back of a truck onto a grocer’s dock. He sues the grocer, the trucking agency, and the produce seller seeking workmen’s compensation benefits. The defendant grocer filed a motion for summary judgment which was later granted by the trial court. The plaintiff appeals that decision. We affirm.
On May 27, 1976, Earl Nicholas was sitting with a few of his friends at the corner of Washington and Claiborne when a truck driver named Thomas Jenkins stopped to ask Nicholas the location of the warehouse of Winn-Dixie Louisiana, Inc. The truck, which was owned by Hallaway Brothers, was carrying a load of watermelons which was to be unloaded that afternoon. However, the truck arrived at the warehouse too late in the evening to be unloaded that day. Jenkins gave Nicholas a few dollars for his help and asked Nicholas to return with a friend the next day to unload the truck. On the morning of May 28, 1976, Nicholas and his friend returned to unload the watermelons. Jenkins checked in at Winn Dixie’s receiving gate and backed the truck up to the dock in order for Nicholas and his friend to unload. The dock at Winn-Dixie is approximately four feet off the ground and is fronted by a lip which is about two feet wide. This lip is held up by a chain when the truck is up against the dock and is later released when the truck has pulled away. They proceeded to unload the watermelons from the truck into a food bin located just inside the warehouse. When Jenkins pulled the truck away after it was unloaded, the lip on the dock went down causing Nicholas to fall injuring himself. Apparently the lip of the dock was not properly secured when Jenkins backed his truck to the dock. Nicholas was taken to the hospital and now sues Winn-Dixie and others seeking workmen’s compensation benefits. Jenkins paid Nicholas’ friend for their efforts.
Appellant argues that he should be considered an employee of Winn-Dixie as set out in R.S. 23:1021. In the alternative, he argues that he should be considered a subcontractor of either Winn-Dixie or the trucking agency. However, the issue that confronts this court concerns the ruling on the motion for a summary judgment. When considering such a motion, the question concerns contestable facts not conclusions of law. In Chaisson v. Dominque, 372 So.2d 1225 (La.1979), the Supreme Court stated as follows:
“It is well settled that a motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, admissions ■ on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
See also Employers’ Surplus Line Insurance Company v. City of Baton Rouge, 362 So.2d 561 (La.1978). The basis for the granting of a motion for summary judgment is C.C.P. Articles 966 and 967. According to Article 967, when affidavits are filed, a party must file countervailing affidavits setting forth specific facts showing that there is a material issue of fact which is in controversy. It is our belief that even viewing appellant’s arguments in a most favorable light, there still seems to be no contestable issues of fact which would serve to overturn the trial court’s determination. It is for this reason that we affirm the trial court’s decision of granting Winn-Dixie’s motion for Summary Judgment.
AFFIRMED.