KLEES, Judge.
This is an action for damages brought by Geraldine Newman, a passenger in an automobile driven by Melvin Jackson, for injuries alleged to have been sustained as a result of an automobile accident.
One of the defendants in the suit, Dairy-land Insurance Company, brought a motion for summary judgment contending that it did not insure the Melvin Jackson involved in the accident or his automobile on the date of the accident. After a hearing, the trial court rendered judgment granting the motion filed by Dairyland, dismissing the suit as to that defendant.
Plaintiff appeals, contending that the trial court erred in rendering a summary judgment because a genuine issue of material fact exists. We agree with the trial court’s findings and affirm.
FACTS
Plaintiff, Geraldine Newman, alleges that on May 14, 1981, at approximately 12:10 a.m., she was a guest passenger in an automobile owned and driven by defendant, Melvin Jackson, which was traveling in a southerly direction on Causeway Boulevard in Jefferson Parish.
While approaching the top of an overpass, Melvin Jackson braked and/or slowed his vehicle to render assistance to another defendant who had lost control of a mo-ped he was riding and had fallen in the lane next to the defendant. The vehicle in which the plaintiff was a passenger was then struck from the rear by another vehicle being driven by a third defendant. The collision caused severe physical damage to the plaintiff including a broken neck and spinal column injuries.
Through an amended answer, Dairyland contends that it insured a Melvin Jackson, but not the Melvin Jackson that was involved in the accident. Counsel provided by Dairyland later moved to withdraw as counsel of record based on the mistaken identity of Melvin Jackson, Jr. (defendant) as Dairyland’s insured, rather than Melvin Jackson, Sr., who is actually insured by Dairyland.
Defendant Dairyland then sought a motion for summary judgment based on the assertion that it had not been the insurer of the defendant Melvin Jackson, Jr. or anyone else involved in the automobile accident in which plaintiff, Geraldine Newman, was injured. Defendant Melvin Jackson, Jr. did not oppose the motion for summary judgment, however, plaintiff Newman did offer opposition. Finding that the evidence in the record supported the motion, the trial judge granted the motion for summary judgment.
The facts as they are presented in the pleadings, depositions, answers to interrogatories admissions on file, and affidavits demonstrate that the vehicle involved in the May 14th, 1981 accident in which the plaintiff was injured was a 1972 Buick, two door automobile, La. Lie. 126A299, with VIN # 4239T228283. According to the police report, the driver of that vehicle at the time of the accident was Melvin Jackson, Jr., LA. Drivers License # 4798651, born 10-08-61, and residing at 3505 Desire Pkwy., Apt. D, NOLA. Dairyland provided affidavits from its Branch Manager in Baton Rouge, who declared that, of his own personal knowledge, Dairyland did not insure Melvin Jackson, Jr. on the date of the accident or at any other time for a 1972 Buick, VIN 4239T228283, but that Dairyland did issue a policy to Melvin Jackson, Sr., LA. Drivers License No. 2326353 for a 1972 Buick Auto, VIN 4V3772H483628.
*1276 Plaintiff argues that Dairyland made a payment to defendant Melvin Jackson, Jr. under the uninsured motorist provision of the alleged insurance policy. Dairyland admitted that it did make such a payment, but submits that this payment was made in error and that Dairyland has instituted suit to recover the monies paid. Plaintiff further argues that because payment was made, even though Dairyland says it was made “in error” there is presented a disputed material fact.
The facts as established in the record indicate that Melvin Jackson, Jr. was involved in the May 14, 1981 accident as the driver of the car in which Geraldine Newman was a passenger. This fact can be adduced from the police report which indicated Mr. Jackson’s name, address, date of birth and license number as the operator of the vehicle. Furthermore, it was established that the vehicle involved in the accident was a 1972 Buick, two-door, with La. license plate # 126A299. A registration certificate was attached to the report which indicated that Melvin Jackson, Jr. was the owner of a 1972 Buick Century with a La. License Plate # 126A299.
The defendant has provided an affidavit to establish that it did not insure Melvin Jackson, Jr. on the date of the accident or at any other time for his 1972 Buick.
It should be noted that defendant, Melvin Jackson, Jr., admitted through deposition that he was the driver at the time of the accident, that Geraldine Newman was a passenger in his car, and that he did not have an insurance policy on the day of the accident with defendant Dairyland or with any other company.
In this case mover, Dairyland Insurance Company, has established that it was not the insurer of Melvin Jackson, Jr., the owner and driver of the automobile involved in the accident. No counter affidavits or receivable evidence tending to disprove that fact were presented at the hearing so we must conclude that there is no genuine issue of material fact.
La.Code of Civil Procedure, Article 967 reads in pertinent part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him....”
In Duplechain v. Houston Fire & Casualty Insurance Company, 155 So.2d 459 (La.App. 3rd Cir.1963), the court in facing a similar situation said at p. 464:
“If the movant at the trial produces convincing proof of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then we think a conclusion may be justified that there is no genuine issue as to the facts so proved, even though allegations to the contrary might be contained in the pleadings.”
Clearly, the trial court correctly granted the motion for summary judgment based on the showing that there is no genuine issue as to material fact as evidenced by the pleadings, depositions, answers to interrogatories, admissions on file, as well as affidavits and other information entered into the record.
For the reasons herein assigned, the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.