LOBRANO, Judge.
Plaintiff, Jimmy D. Evans, filed the instant suit against numerous defendants to *1121 recover damages for injuries he sustained while operating a trash compacting tailgate on a garbage truck.
Defendant, Kenner Equipment and Solid Waste Systems, Inc. (referred to as Kenner Equipment), filed a motion for summary judgment which was granted by the court below. Plaintiff perfected this appeal asserting that the judgment dismissing Ken-ner Equipment was improper. We affirm.
On June 19, 1981, while employed as a garbage man for A & L Disposal Service, plaintiff was loading trash into the rear of a garbage truck when the garbage packer mechanism allegedly malfunctioned causing severe injuries to his left hand. The garbage treatment unit was manufactured by the Heil Co., Inc., and was installed onto the Ford truck chassis by Kenner Equipment.
Plaintiffs original petition alleged that defendant, Kenner Equipment, improperly and negligently installed the garbage treatment unit. Plaintiffs supplemental petition alleged the following negligent acts:
(a) Failing to properly install the garbage equipment referred to above;
(b) Failing to properly maintain said equipment;
(c) Failing to properly perform warranty inspections and service on said garbage equipment;
(d) Failing to properly inspect said equipment;
(e) Failing to properly live up to its obligations relative to warranty service to be performed on behalf of the Heil Company, Inc. and/or Hillend Environmental Industry, Limited and/or Heil Rotomold, Inc. and/or Heil International, Inc. and/or Heil Equipment Company, Inc.;
(f) Any other acts of negligence which may be adduced at the time of trial.
In support of their motion for summary judgment Kenner Equipment submitted the deposition of Felix Gaudet, President and half-owner of Kenner Equipment, the deposition of plaintiffs expert, Fred Liebkem-ann, and the answers to interrogatories propounded to Kenner Equipment and the Heil Company, Inc. Plaintiff did not file any countervailing depositions or affidavits, nor did he file a memorandum in opposition to the motion. Instead, he relies on his pleadings and the deposition of Lieb-kemann.
The deposition testimony of Felix Gaudet reveals that Kenner Equipment performed the installation work of the already assembled garbage unit unto the chassis of a truck. The unit was received by them from the Heil Company, as previously stated, already assembled. The work on the particular truck in question was done in February, 1979. The accident occurred on June 19, 1981. Kenner Equipment had not received any complaints during that time interval about installation work or malfunctions.
Fred Liebkemann testified in his deposition that the unit was clearly not functioning properly. He opined that several horizontal rods which are attached to a vertical bar, which in turn is attached to the control levers, were misaligned thus causing the packing mechanism to fall without anyone physically pushing the control levers. His testimony makes it clear that the causitive element of the malfunction was the positioning of the control rods. He clearly stated that this had nothing to do with the work Kenner Equipment did in installing the unit on the chassis. He testified:
“Q. Now, did you see anything wrong or improper in the way that the body was fastened to the chassis that may, in your opinion, have contributed to the possibility of the packer panel coming down when the levers [sic] were not activated?
A. Not that I can identify.”
We conclude that there is no issue of material fact concerning any liability on the part of defendant as a result of its installation of the already assembled garbage unit on the chassis. Plaintiff offered nothing to rebut the clear testimony of his own expert in this regard.
Plaintiff also argues that the testimony of Felix Gaudet shows that Kenner Equipment had an obligation to inspect the installed equipment prior to delivery, and *1122 that they failed to do so. That testimony is quoted as follows:
“Q. Now, the understanding you would have, though, is that when the truck is delivered for the installation of the entire unit, and your people put it on, do they then examine the unit to be sure everything is supposedly functioning correctly?
A. Yes.
Q. If something is not functioning correctly, is it your company’s responsibility on the new unit to correct it before it goes out?
A. Well, if something would be wrong with it, we would adjust it, yes.
Q. But do you consider under your warranty work that you have a responsibility to adjust it?
A. I consider it a responsibility to my customer to give them a unit that’s working correctly, which it was, yes.” (emphasis added)
We agree that Kenner Equipment had an obligation to inspect the equipment. However, plaintiff offered nothing to rebut the fact that Kenner Equipment had, in fact, inspected the equipment. The only possible contradiction raised by plaintiff is the fact that an accident occurred two years and three months after the installation. There is nothing in the record to suggest improper inspection other than the allegations of the plaintiff’s pleadings. In Newman v. Burks, 442 So.2d 1274 (La.App. 4th Cir.1983) we cited with approval Duplechain v. Houston Fire and Casualty Ins. Co., 155 So.2d 459 (La.App. 3rd Cir.1963) wherein the court stated:
“If the movant at the trial produces convincing proof of the facts upon which the motion is based, and no counter affidavits or other receivable evidence are offered by the opposing party to contradict that proof, then we think a conclusion may be justified that there is no genuine issue to the facts so proved, even though allegations to the contrary might be contained in the pleadings.” Newman, supra, at 1276.
La. Code of Civil Procedure Article 967 provides, in pertinent part:
“When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.”
A motion for summary judgment should be granted only where the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. Employers Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978).
Based on the record before us, we agree with the trial court that summary judgment was proper. Accordingly, the lower court’s judgment is affirmed.
AFFIRMED.