COLE, Justice.
This is a suit for damages brought against the seller of a horse, the purchaser of the horse, and the veterinarian who tested the horse for equine infectious anemia. The results from the test were determined to be positive. The plaintiff, owner of horses located in an immediately adjacent pasture, sued for damages when his horses thereafter contracted the disease. The ultimate issue presented is whether or not the veterinarian, who in the past had treated plaintiffs horses and knew of their proximity to the diseased horse, owed a duty to disclose to the plaintiff that the horse tested by him was infected with the disease. At this time, however, we need only consider whether or not the summary judgment granted in favor of the veterinarian was properly rendered.
J.N. Prather sold an Appaloosa gelding named “Leroy” to Edwin W. Edwards in April of 1983. Leroy was stabled on the Edwards' property on Highland Road in Baton Rouge, Louisiana, which borders plaintiff’s property along the rear and is divided by a wire fence located along the property line. On April 25, 1983, Edwards hired Dr. C. Chat Kleinpeter to test Leroy for equine infectious anemia, and on April 25,1983 Kleinpeter drew blood for the Cog-gins test to be performed by the Louisiana State Diagnostic Laboratory. On May 2, 1983, Kleinpeter was advised the test results were positive and on that date he relayed this information to Edwards. He further informed Edwards the horse was considered to be under official quarantine by order of the State Veterinarian, and advised him to obtain permission for transport from the office of the State Veterinarian prior to Leroy's removal. He did not inform plaintiff or anyone else of the test results, apparently believing this would have been a violation of his responsibility to his client on the basis such information was privileged and confidential.
When one of plaintiffs horses became ill testing was performed, and it was determined the animal also had equine infectious anemia. The disease subsequently spread to eight other horses owned by plaintiff, six of which were diagnosed by Kleinpeter. Plaintiff had employed the services of Kleinpeter, as well as two other veterinarians, during the one year period prior to May 2, 1983. He had also used these three veterinarians to treat his horses after May 2, 1983.
In response to plaintiff’s suit against Prather, Edwards and Kleinpeter for the damages he allegedly sustained, Kleinpeter filed the motion for summary judgment. It was granted by the trial court. The Court of Appeal affirmed, reasoning the standard of care applicable to practitioners of veterinary medicine is the same standard applied to physicians and dentists. The court stated a veterinarian is not required to exercise the highest degree of skill and care possible, but is required to exercise the degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality. The Court of Appeal further stated recovery for malpractice against a doctor is allowed only where there is a contractual relationship between the doctor and patient, and there has been a breach of professional duty to the patient. The court concluded by finding Kleinpeter’s duty to disclose or warn was contractually owed only to the horse’s owner, 493 So.2d 925.
Plaintiff, in seeking reversal of the lower court’s action on the motion for summary judgment, relies on three assignments of error. He first contends the Principles of Veterinary Medical Ethics and R.S. 37:1512 through 1532 warrant a reversal of the summary judgment. Secondly, he challenges the Court of Appeal’s interpretation and application of the relevant jurispru *575 dence. Finally, he argues Kleinpeter should be liable not only because of his knowledge of the close proximity and thus probable contact which would result between Leroy and the horses owned by plaintiff, but also because Kleinpeter was treating plaintiffs horses at the time. Thus, according to plaintiff, Kleinpeter had a duty to warn of the danger of exposure not only because plaintiff was a neighboring horseowner, but also because he was a client.
A motion for summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and mover is entitled to judgment as a matter of law. C.C.P. art. 966; Thornhill v. Black, Sivalls & Bryson, Inc., 394 So.2d 1189 (La.1981); Employers’ Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978). A summary judgment is warranted only when reasonable minds must inevitably conclude the mover is entitled to judgment as a matter of law on the facts before the court. The mover bears the burden of establishing there is not a genuine issue of material fact in dispute, and any doubt is resolved against the granting of summary judgment and in favor of a..trial on the merits to resolve disputed facts. Thornhill, supra; Employers’ Surplus Line Ins. Co., supra.
The facts surrounding Kleinpeter’s actions in testing and informing Edwards of the positive results of the test are uncon-troverted. Nor is the applicability of the state regulations questioned. What is contested, as illuminated by oral argument before this Court, are additional facts which relate to the alleged duty owed to plaintiff, thus necessary to a resolution of the question of law presented. These facts must be more fully developed before the existence and breach of any duty owed to plaintiff can be ascertained and deemed to exist.
The exact relationship between plaintiff and Kleinpeter as regards the care and treatment of plaintiffs horses at various times is important. It is not clear from the record with what regularity or frequency Kleinpeter treated plaintiffs horses, exactly what services were contracted for or performed, nor how the veterinary services performed were divided between Kleinpeter and the other veterinarians who also treated plaintiffs horses. Also, the nature and contagious propensities of the disease as related to the proximity of the horses and their surroundings is important in determining whether a duty was owed in this particular instance. All such facts are material and are not established by the record. Factual development will aid in determining if Kleinpeter owed plaintiff the duty sought to be imposed. At this point in the proceedings it is impossible to say, as a matter of law, whether or not such a duty existed. Summary judgment, therefore, is inappropriate. Accordingly, we reverse and remand for trial on the merits.
REVERSED AND REMANDED.