YELVERTON, Judge.
This appeal presents the summary judgment question of whether there is a genuine issue of material fact regarding the effective time of Dairyland Insurance Company’s policy of insurance. The trial court granted summary judgment in favor of Dairyland. We hold that the evidence does not eliminate a genuine issue of material fact, and we reverse and remand.
An automobile accident occurred on March 16, 1984, at 9:17 A.M. Liberty Mutual Insurance Company insured one of the vehicles involved in the accident and paid collision damages to its insured, then filed suit under subrogation against Jack Orr, the driver of the other car, alleging that Jack Orr’s negligence caused the accident. Also named as a defendant in the suit was Dairyland, Orr’s alleged liability insurer.
Dairyland filed a motion for summary judgment alleging that it had issued a policy, but that its policy was not in force and effect at 9:17 A.M. on the morning of the day of the accident. In support of its motion Dairyland attached the affidavit of Benny Russo, an insurance agent. Mr. Russo attested to the following facte: Au-die Orr (Jack’s wife) applied for auto insurance for a 1973 Chevrolet Nova on March 16, 1984, at 2:00 P.M.; Audie told Russo that Jack Orr had been involved in an automobile accident in that car earlier that day; insurance coverage was bound by Russo *1034 effective 2:00 P.M. on March 16 through Dairyland. Attached to the affidavit was a copy of the insurance application.
In opposition to Dairyland’s motion, Liberty Mutual filed a copy of the declarations page of the policy into the record. The declarations page stated the policy period was from “3-16-84 to 9-16-84. 12:01 A.M. At Your Address.”
Subsequently Dairyland also filed a motion for permission to file a certified copy of the insurance policy into the record. The motion was granted.
Based on the affidavit and documents the trial court granted Dairyland’s motion for summary judgment. The trial court found the policy was not in effect at the time of the accident relying on the language in the application that declared that coverage would be effective on March 16, 1984, at 2:00 P.M.
The rules governing the granting of a motion for summary judgment were recently summarized in Fitch v. Prather, 502 So.2d 573 (La.1987):
“A motion for summary judgment cannot be granted unless the pleadings, deposition, answers to interrogatories, admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, and mover is entitled to judgment as a matter of law. ... A summary judgment is warranted only when reasonable minds must inevitably conclude the mover is entitled to judgment as a matter of law on the facts before the court. The mover bears the burden of establishing there is not a genuine issue of material fact in dispute, and any doubt is resolved against the granting of summary judgment and in favor of a trial on the merits to resolve disputed facts.”
In the present case the appellant argues that the application for insurance was not in the record or attached to Mr. Russo’s affidavit, and that therefore the trial court erred in considering the application. The appellant is mistaken in this as the application was originally attached to the affidavit and became misplaced. The clerk of court has supplemented the record, and the application is now in the record. Even so, the appellant is entitled to prevail on this appeal for the following reasons.
R.S. 22:618(A) states in pertinent part:
“A. No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered.”
Unless the application was attached to the policy when issued and delivered the application does not become a part of the contract. Estate of Borer v. Louisiana Health Service, 398 So.2d 1124 (La.1981).
In the present case the only evidence indicating an effective time of coverage of 2:00 P.M. on 3-16-84 was the application for insurance. The declaration page merely showed “3-16-84.” Dairyland presented no evidence that the copy of the application was attached to the policy or otherwise made a part of the policy. The summary judgment evidence tends to show the contrary, that the application was not attached to the policy. The application was filed into the record separately. The policy itself, although specifically stating that the declarations page was a part of it, made no reference to the application. We are required to hold that a genuine issue of material fact still exists, and the trial court should not have granted summary judgment.
For the reasons assigned the judgment of the trial court is reversed and set aside and the case is hereby remanded to the district court for further proceedings consistent with this opinion. Costs of this appeal will be assessed to the defendant, Dairyland Insurance Company.
REVERSED AND REMANDED.