534 So.2d 13 (1988)
M.A. BRAUD, Jr. and Geraldine T. Mire, Wife of M.A. Braud, Jr.
v.
NEW ENGLAND INSURANCE COMPANY, Dependable Insurance Association and Frank Uddo.
No. CA-8487.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1988.
Rehearings Denied December 14, 1988.
C. James Gelpi, New Orleans, for plaintiffs-appellants.
Paul B. Deal, D. Michael Dendy, New Orleans, for defendants-appellees.
Before GULOTTA, C.J., and KLEES, BYRNES, CIACCIO and LOBRANO, JJ.
BYRNES, Judge.
This is an appeal from the dismissal by summary judgment of a legal malpractice claim against an attorney and his insurers, New England Insurance Company, and Dependable *14 Insurance Association. We reverse.

FACTS
The underlying malpractice action arose out of the attorney's legal representation of Mr. M.A. Braud in a suit to recover damages from Citicorp for breach of contract. In that suit, Braud and other shareholders in the now dissolved company, NPASCO, alleged that Citicorp caused the financial ruin of NAPASCO by lowering the line of credit it was contractually obligated to provide the company. The suit claimed that Citicorp was liable for twelve million dollars in damages, five million of which were alleged to have been suffered by Braud, a major shareholder of NAPACO. Suit was filed and served on Citicorp's agent for service of process, (C.T. Corporation) and the delay for answering the suit passed without an answer being filed. The attorney then obtained a preliminary default judgment. Subsequently, the trial court confirmed the default as to Braud's claim for four million dollars upon the submission of evidence consisting of NAPACO's contract with Citicorp and Braud's testimony concerning his relationship with NAPASCO and the damages he allegedly suffered as a result of Citicorp's actions.
When the attorney attempted to collect on the default judgment, Citicorp filed suit in U.S. District Court to have the judgment nullified. This suit alleged inter alia that Braud's default judgment was defective because it was granted without the requisite proof of a prima facie case. After Citicorp offered its evidence but before Braud and the other defendants put on their case, a settlement was reached. In satisfaction of all their claims against Citicorp, Braud and the other defendants agreed to accept $200,000.00 and divide it among themselves. Braud's portion of this settlement totalled $72,720.00. The attorney did not represent Braud at the nullity proceeding nor did he assist Braud in the settlement negotiations.
Following acceptance of the settlement offer, Braud and his wife sued the attorney for legal malpractice based on his alleged negligence in failing to put on a prima facie case at the default confirmation hearing. Prior to trial, the attorney filed a motion for summary judgment which was granted without assigned reasons. This appeal followed.

ASSIGNMENT OF ERROR
The Brauds assert that the trial court erred in granting summary judgment because there are genuine issues of material fact in dispute which must be resolved by trial on the merits. We agree. C.C.P. Art. 966(B) provides that summary judgment "... shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law". Any doubt as to the entitlement to summary judgment must be resolved against the granting of summary judgment and in favor of trial on the merits to resolve disputed facts. Employers' Surplus Line Insurance Co., v. City of Baton Rouge, 362 So.2d 561 (La.1978); Baker v. Ingram, 447 So.2d 101 (La.App. 4th Cir.1984).
To assert a claim for legal malpractice against their attorney, the Brauds[1] had to allege that there was an attorneyclient relationship, that the attorney was negligent in his representation of Braud and that this negligence caused Braud some loss. Evans v. Detweiler, 466 So.2d 800 (La.App. 4th Cir.1985).
In the present case, the Brauds alleged in their petition that their attorney failed to adequately prove liability and damages when he obtained the default judgment against Citicorp. As a result of this alleged negligence, the Brauds claimed they sustained four million dollars in damages *15 for loss of the judgment and one million two hundred thousand dollars in lost interest on the judgment. In his answer, the attorney admitted that the Braud default judgment was "subject to equitable and legal defenses", but argued that Braud's settlement with Citicorp precluded the assertion of a claim against him for legal malpractice since that settlement rather than his conduct caused the purported loss. The attorney moved for summary judgment on this basis. Although a number of affidavits were submitted in support and in opposition to defendant's motion, none of them appear to have resolved the issue of whether the attorneys negligence caused the Brauds any loss. The pleadings clearly allege that the attorney was negligent in obtaining the default judgment by not properly proving a prima facie case. This allegation was not resolved by the responsive pleadings or by affidavits offered by the parties. In fact, the attorney stated that the judgment was "subject to legal and equitable defenses". The pleadings also assert that because of the allegedly defective default judgment, the Brauds suffered a loss equal to the value of the judgment plus interest. While the attorney responded in his answer that it was the Brauds' settlement with Citicorp which caused the amount of recovery on the claim to reduced from four million dollars to less than seventy-three thousand dollars, we find this conclusory statement insufficient to support a motion for summary judgment.
The Brauds' position is that but for their attorney's negligence in obtaining the default judgment, they would not have found themselves in the position of having to decide whether to settle for less than they would have received under the default judgment. If the attorney negligence caused them to settle the suit then it also caused their loss. None of the documentation submitted with defendant's motion resolved this issue. It begs the question to argue that the settlement rather than the attorney's negligence caused the loss when that same negligence is allegedly the only reason that the Brauds were put in the position of having to consider settlement.
We conclude that only trial on the merits can fully and fairly resolve this issue. For this reason we reverse the trial court's granting of summary judgment and remand the case for trial on the merits. Costs of this appeal is assessed against the appellees.
REVERSED AND REMANDED.
GULOTTA, C.J., concurs.
CIACCIO, J., dissents.
LOBRANO, J., concurs with reasons assigned by GULOTTA, C.J.
GULOTTA, Chief Judge, concurs:
Because no reasons were assigned, we do not have the benefit of the trial judge's rationale for granting the motion for summary judgment. The judge may have concluded that there was sufficient evidence offered at the time of the confirmation of the default or that the settlement made by plaintiffs precluded their right to a trial on the merits.
The record in this case, particularly the transcript of the default confirmation hearing, raises a serious question on the sufficiency of evidence offered on the confirmation of the default. If the evidence was indeed insufficient, then the next question to be answered is whether or not evidence available to Braud, when the default was confirmed, was no longer available to plaintiffs at the time of the settlement of the federal suit or at a subsequent trial on the merits to recover damages from Citicorp for breach of contract (assuming a federal court judgment would have nullified the default judgment). Furthermore, the question of damages remains open, i.e. what damages plaintiffs could have proven at the default hearing as opposed to a later trial on the merits.
Because these factual questions germane to the issues of negligence, causation, and damages remain unresolved, I concur in the majority's holding that the summary judgment must be reversed and the case remanded for a trial on the merits.
*16 CIACCIO, Judge, respectfully dissents.
Plaintiffs had the option of defending the validity of their default judgment in the Federal Court proceedings, and, if unsuccessful, proceeding to trial on the merits of their claims against Citicorp.
Instead, they elected to compromise their claims and to grant a full release to Citicorp. By so doing they waived their right to pursue any malpractice claim against the defendant.
If they suffered any loss, it was not due to any negligence of the defendant but to their election to abandon their right to a trial on the merits.
NOTES
[1] Although the attorney only represented Mr. Braud in the default judgment proceedings, the loss purportedly caused by his representation was a community loss and hence gave rise to Mrs. Braud's claim for damages in the underlying legal malpractice suit. C.C.Art. 2344; C.C.P. Art. 686.