# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-1086

JULAINE C. LEBLANC AND
OVEY LEBLANC

VERSUS

STATE FARM INSURANCE COMPANY, ET AL.

************

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT,
PARISH OF IBERIA, NO. 89-399-E,
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Jimmie C. Peters, Michael G. Sullivan, and Glenn B. Gremillion, Judges.

**AFFIRMED.**

J. Clemille Simon
Barry L. Domingue
Simon Law Offices
Post Office Box 52242
Lafayette, Louisiana 70505
(337) 232-2000
Counsel for Plaintiffs/Appellants:
    Ovey LeBlanc
    Julaine C. LeBlanc

Michael G. Daiy
Attorney at Law
Post Office Box 5009
Lafayette, Louisiana 70502-5009
(337) 234-0896
Counsel for Intervenors/Appellees:
    Toce & Daiy, L.L.C.
    Andre F. Toce
    Andre F. Toce & Associates

**Edward P. Landry**
**Landry, Watkins, Repaske & Breaux**
**Post Office Drawer 12040**
**New Iberia, Louisiana  70562-2040**
**(337) 364-7626**
**Counsel for Intervenors/Appellees:**
　　**Andre F. Toce**
　　**Andre F. Toce & Associates**
　　**Toce & Daiy, L.L.C.**
　　**Transcontinental Insurance Company**

**Julius W. Grubbs, Jr.**
**Haik, Minvielle & Grubbs**
**Post Office Box 11040**
**New Iberia, Louisiana  70562-1040**
**(337) 365-5486**
**Counsel for Defendant/Appellee:**
　　**State of Louisiana through the Department of Transportation and**
　　**Development**

**William E. Wright, Jr.**
**Deutsch, Kerrigan & Stiles, LLP**
**755 Magazine Street**
**New Orleans, Louisiana  70130**
**(504) 581-5141**
**Counsel for Intervenors/Appellees:**
　　**Andre F. Toce**
　　**Andre F. Toce & Associates**
　　**Toce & Daiy, L.L.C.**

**William H. Parker, III**
**Allen & Gooch**
**Post Office Drawer 3768**
**Lafayette, Louisiana  70502**
**(337) 291-1000**
**Counsel for Intervenors/Appellees:**
　　**Andre F. Toce**
　　**Toce & Daiy, L.L.C.**
　　**Andre F. Toce & Associates**

**Dennis R. Stevens**
**Gibbens & Stevens**
**222 W. St. Peter**
**New Iberia, Louisiana  70560**
**(337) 367-8451**
**Counsel for Defendants/Appellees:**
　　**Timothy Edler**
　　**Rebecca Edler**
　　**The Travelers Insurance Company**

**Stacy Skolfield Lee**
**Attorney at Law**
**400 E. Kaliste Saloom, Suite 8300**
**Lafayette, Louisiana  70508**
**(337) 291-1743**
**Counsel for Defendant/Appellee:**
　　**Allstate Insurance Company**

**Kristen Broussard Menard**
**Voorhies & Labbe**
**Post Office Box 3527**
**Lafayette, Louisiana  70502-3527**
**(337) 232-9700**
**Counsel for Defendant/Appellee:**
    **Transcontinental Insurance Company**

**Shane E. Romero**
**Attorney at Law**
**Post Office Box 10337**
**New Iberia, Louisiana  70562-0337**
**(337) 365-6628**
**Counsel for Defendant/Appellee:**
    **Iberia Parish Government**

SULLIVAN, Judge.

Plaintiffs appeal the grant of summary judgment in favor of their former attorney for the payment of attorney fees and expenses from settlement funds deposited in the registry of the court. For the following reasons, we affirm.

### Facts

Julaine LeBlanc, and her husband, Ovey LeBlanc, retained André Toce and Toce & Daiy, L.L.C. (Toce) to represent them in connection with claims for damages they sustained as a result of injuries Mrs. LeBlanc suffered in an automobile accident which occurred on July 30, 1997. On March 24, 2003, Mrs. LeBlanc and Toce attended a mediation conference where the matter was settled for $395,000.00. Prior settlements in the amount of $25,829.00 resulted in a total recovery of $420,829.00 for Plaintiffs.

After the mediation conference, Plaintiffs contested the validity of the settlement, claiming it was invalid because Toce threatened, coerced, and intimidated Mrs. LeBlanc into accepting the settlement. They also asserted that Toce committed malpractice and engaged in other tortious behavior during his representation of them. Defendants involved in the mediated settlement filed a motion to enforce the settlement. At the hearing on Defendants' motion, Plaintiffs argued the mediation settlement form did not satisfy the requirements of a transaction and compromise as provided in La.Civ.Code art. 3071; they did not introduce any other evidence to establish their claims of threats, coercion, and intimidation. The trial court found the settlement valid and ordered Plaintiffs to execute settlement documents. This court affirmed the trial court's judgment. *See LeBlanc v. State Farm Ins. Co.*, 03-1522 (La.App. 3 Cir. 5/26/04), 878 So.2d 715, *writ not considered*, 04-1642 (La. 10/8/04), 883 So.2d 1023.

Following Plaintiffs' dismissal of him, Toce intervened in this litigation to collect attorney fees and expenses associated with his representation of Plaintiffs. Plaintiffs answered the intervention and reconvened against Toce, alleging he "committed numerous acts of negligence, malpractice and misconduct" which caused them damage. On August 30, 2004, Toce filed a motion for partial summary judgment in which he sought dismissal of that portion of Plaintffs' reconventional demand which alleges he committed malpractice in the handling of their claims against the underlying defendants. In opposition to the motion for summary judgment, Plaintiffs again asserted that the settlement was invalid and also asserted that Toce guaranteed Mrs. LeBlanc she would recover $1 million in damages. The trial court concluded that Plaintiffs' failure to present evidence at the hearing on the motion to enforce the settlement regarding their claims of threats, coercion, and intimidation estopped them from proceeding with their claims that Toce caused them damage by forcing them to settle their case. Plaintiffs filed a writ application with this court which was denied. *See LeBlanc v. State Farm Ins. Co.*, an unpublished writ bearing docket number CW05-231 (La.App. 3 Cir. 3/24/05).

Toce then filed a Motion for Summary Judgment and to Disburse Attorney's Fees and Expenses, seeking payment of attorney fees and expenses from the settlement funds deposited in the registry of the court as provided in the judgment enforcing the settlement. The trial court granted judgment in favor of Toce and against Plaintiffs for attorney fees as per Plaintiffs' contract together with judicial interest, expenses incurred by Toce in representing Plaintiffs together with judicial interest, borrowed funds guaranteed by Toce for payment of expenses incurred in connection with Plaintiffs' claims together with contractual interest, and all costs of

2

Toce's intervention. All of these amounts were ordered to be paid by the Clerk of Court from the settlement funds deposited into the registry of the court; the remaining funds were ordered to be paid to Julaine LeBlanc. The trial court designated the judgment a final judgment, finding no just reason to delay the matter.

Plaintiffs appeal assigning one error: Toce failed to demonstrate the absence of any issue of material fact and failed to controvert their opposition to the motion for summary judgment.

### *Issue for Review*

Does termination of an attorney's services for cause *after* he settled his client's claims affect his rights to payment of attorney fees and expenses according to his contract with the client when the client has asserted claims of malpractice against him?

### *Motion for Summary Judgment*

A motion for summary judgment will be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Summary judgment is favored and shall be construed "to secure the just, speedy, and inexpensive determination of every action." La.Code Civ.P. art. 966(A)(2).

The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial, he need not negate all essential elements of the adverse party's claim, but he must point out that there is an absence of factual support for one or more elements essential to the claim. La.Code Civ.P. art. 966(C)(2). Once the mover has met his

initial burden of proof, the burden shifts to the non-moving party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. *Id.*

Appellate courts review motions for summary judgments *de novo*, asking the same questions the trial court asks to determine whether summary judgment is appropriate. *Champagne v. Ward*, 03-3211 (La. 1/19/05); 893 So.2d 773. This inquiry seeks to determine whether any genuine issue of material fact exists and whether the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). "A fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute." *Hines v. Garrett,* 04-806, p. 1 (La. 6/25/04), 876 So.2d 764, 765.

### *Discussion*

Plaintiffs claim the trial court granted Toce "extraordinary relief" and erroneously held that he was "entitled to a full contingency fee for representing [them], despite the fact that [he] was terminated for cause for numerous acts of misconduct, sexual advances, inappropriate behavior and malpractice, including failing to obtain a guaranteed result." Plaintiffs seek to reduce the amount Toce recovers from the settlement funds based on his alleged malpractice. They argue that, because Toce was discharged for cause, he is not entitled to full payment of his attorney fees. Toce argues that, because he was discharged after a settlement was reached, he is entitled to the fee provided in his contract with the LeBlancs.

We have not found any case on point. Attorney fee disputes usually arise when one attorney is discharged during the course of the litigation and another attorney is hired to replace the first attorney. Once the litigation is resolved, the amount of

4

compensation due each attorney is decided. *See O'Rourke v. Cairns*, 95-3054 (La. 11/25/96), 683 So.2d 697, where the supreme court outlined the procedure for determining the fee an attorney discharged for cause is entitled to receive. Here, the case was settled before Plaintiffs discharged Toce.

Plaintiffs contend that Toce coerced Mrs. LeBlanc into settling her claims, that Mr. LeBlanc did not settle his claims, and that Toce committed other acts of malpractice. They did not present evidence in opposition to Defendants' enforcement of the settlement, and the settlement has been enforced. *See LeBlanc,* 878 So.2d 715. We find no basis for withholding Toce's attorney fees and expenses.

Plaintiffs cite *Broadscape.com, Inc. v. Walker*, 03-904 (La.App. 4 Cir. 2/25/04), 866 So.2d 1085, *writ denied*, 04-940 (La. 6/18/04), 876 So.2d 806, and *Braud v. New England Insurance Co.*, 534 So.2d 13 (La.App 4 Cir. 1988), in support of their position. In both of these cases, the plaintiffs instituted malpractice claims against their former attorneys because their attorneys' negligence compromised the validity and/or value of their claims, resulting in reduced recoveries. The plaintiffs pursued their malpractice claims after settling the underlying litigation.

Plaintiffs here also seek to pursue malpractice claims against their former attorney after their claims against the underlying defendants were settled as in *Broadscape.com* and *Braud.* However, the issue here is whether the former attorney is entitled to receive a fee and his expenses out of the settlement funds he negotiated on Plaintiffs' behalf or whether Plaintiffs can prevent disbursement of the settlement proceeds on the basis of their malpractice claims. *Broadscape.com* and *Braud* do not address this issue and, therefore, do not support Plaintiffs' position.

Plaintiffs want the settlement proceeds to remain available to satisfy any amounts they may recover for any remaining claims they have against Toce.[1] However, these claims are not "liquidated and presently due," La.Civ.Code art. 1893; therefore, they cannot serve as a basis for preventing disbursement of the settlement proceeds. We have found no other basis for not disbursing the settlement proceeds. No genuine issue of material fact with regard to Toce's entitlement to attorney fees and recovery of expenses from the settlement proceeds has been shown to exist.

### *Disposition*

The judgment of the trial court is affirmed. All costs of this motion for summary judgment are assessed to Plaintiffs.

**AFFIRMED.**

---

[1]In its judgment on Toce's previous motion for summary judgment, the trial court held that "the LeBlancs are estopped from contending that Toce caused them damage by settling their case" because Mrs. LeBlanc did not "provide any evidence whatsoever as to how she was threatened or coerced by Toce into settling her claim." Not all of Plaintiffs' allegations are that Toce damaged them by settling their case; those remaining claims are not at issue here.

6